William Earl GORDON *v.* STATE of Arkansas

CA CR 79-143                                601 S.W. 2d 598
Court of Appeals of Arkansas
Opinion delivered July 9, 1980

*John W. Settle*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Judge. Appellant was charged with four seprate criminal offenses during 1974 and 1975 and was sentenced to five years with three years suspended on three of the charges (cases CR 74-229, CR 75-84, and CR 75-152) and placed on five years statutory probation on the other case (CR 75-332).

On May 15, 1979, a petition to revoke the suspended sentence was filed in case CR 75-332 based on the offense of promoting prostitution alleged to have occurred on May 11, 1979.

The petition was heard on August 23, 1979, and defendant moved for a dismissal on the basis of Arkansas Statute, 1947, Ann. § 41-1209 (2), requiring that a suspended sentence or probation should not be revoked except after a hearing within a reasonable time, *not to exceed 60 days*, after the defendant's arrest. The State did not oppose the motion to dismiss case CR 75-332, and the motion to dismiss was

granted. While the hearing was in progress, the State filed a petition in the remaining three cases, which the defendant also moved to dismiss on the premise that all four cases should be treated as one and pointing out that all four cases were referred to in the body of the revocation petition. This motion was denied by the court.

At the close of testimony the court found by a preponderance of the evidence that appellant had violated the conditions of his suspended sentence and revoked the suspension in case CR 75-152, leaving cases CR 74-229 and CR 75-84 undisturbed. Appellant was sentenced to two years in the Department of Corrections in case CR 75-152.

Appellant has raised two issues by this appeal: that the evidence was insufficient to prove a violation of the conditions of the sentence and that appellant was denied constitutional guarantees of due process by the court's refusal to dismiss cases CR 74-229, CR 75-84 and CR 75-152.

As to the sufficiency of the evidence, we think that the ruling of the trial court was supported by a preponderance of the evidence, which is all that the law requires. *Pearson* v. *State*, 262 Ark. 513, 558 S.W. 2d 149 (1977) and *Ellerton* v. *State*, 261 Ark. 525, 549 S.W. 2d 495 (1977). The evidence was circumstantial and, perhaps, inadequate for a conviction, but that quantum of evidence is not required in a revocation hearing. *Smith* v. *State*, 234 Ark. 958, 411 S.W. 2d 510 (1967). The evidence did support a finding that the appellant was promoting prostitution in violation of the conditions of suspension based on the following testimony: that appellant was asked by an undercover police officer if he knew where to obtain a woman for sexual purposes; that sometime thereafter a woman known to the appellant came to the officer's motel room and offered to have sexual relations for money; that in a written statement given by her to the police she stated that appellant had told her that she could make some money by going to the motel room, although in her testimony at trial she stated only that appellant had told her that there was a party in the room; that on previous occasions appellant had asked her for money and that she had once paid him $10.00, although he did not ask for money on this

particular occasion. Thus, we conclude that the evidence was adequate to support the revocation of suspension. We see no need to discuss the argument that the condition of good behavior was not violated by appellant's conduct in this regard, as we have no doubt that appellant was well aware that his role in the affair would jeopardize his suspension if discovered.

As to the second point, we disagree with appellant that due process has been denied him because the procedures below contravene principles of fundamental fairness, though the argument is not without merit. It is urged that the petition relative to cases CR 74-229, CR 75-84, and CR 75-152 is in reality an amendment to petition relative to case CR 75-332, but that argument is not convincing. The second revocation petition does not purport to amend the first petition in any fashion and the fact that cases CR 74-229, CR 75-84, and CR 75-152 are referred to in the body of the petition filed in CR 75-332 is merely informational.

But appellant's argument need not rest alone on the mechanical aspects of the pleadings, as there is substance to the point in and of itself. That is to say, can the State, where the defendant is under four suspended sentences seek to revoke only one, withholding three, as though to marshall its reserves?

While we regard such procedural stratagems as suspect, we cannot reach the conclusion that it would be proper to hold that the sixty day requirement of § 41-1209 (2) applies not only to cases on which the State has. filed, but to cases on which it has not filed, where there is no inference that failure was the result of an improper motive, or under all the circumstances it cannot be said the defendant was denied fundamental due process. We are not willing to apply a hard and fast rule to an area of the law that ought to have wide boundaries. We think each case must be jduged upon its own merits. What other result could be reached where the test is one of applying principles of fundamental fairness? When that broad test is applied to the case before us, we are reasonably confident that the appellant did receive fair treatment. After all, the court did dismiss one of the four cases,

declined to disturb the suspensions on two others, and revoked only one of the four, all on evidence that appellant had violated the conditions of the suspended sentence. We don't think any sense of fair play has been offended by the overall treatment of appellant by the State or by the trial court. Appellant's argument would have greater weight if the State had not filed all three cases simultaneously, as this would have strengthened the inference that a piecemeal approach was contemplated and though there is a hint of piecemeal strategy, it is a hint only, and we are not willing to overturn the outcome on that basis alone.

It must be remembered that there is no right of probation when one has been convicted of a crime, rather it is a matter of judicial sufferance or grace. *People* v. *Williams*, 93 Cal. App. 2d 777, 209 Pac. 2d 949 (1949) and *Morgan* v. *State*, 267 Ark. 28, 588 S.W. 2d 431 (1979).

Appellant concedes the absence of any clear authority in Arkansas as precedent for the argument advanced, but cites *United States* v. *Tyler*, 605 F. 2d 851 (5th Cir. 1979) as "very similar." But even if we were bound by *Tyler*, there is a subtle but basic difference between the factual setting in *Tyler* as opposed to this case. In *Tyler* the defendant was free on probation under a single sentence and between November, 1976, and January, 1978, was convicted of three misdemeanors, including public drunkenness and insulting a police officer. The incidents were promptly reported to his probation officer. In November, 1978, a small amount of marijuana was seized from Tyler's residence and at a hearing several days later on a revocation petition the court found the evidence failed to establish a violation of the probation. This petition made no mention fo the earlier misdemeanor convictions.

On March 1, 1979, the probation officer filed a revocation petition based upno the three misdemeanors, more than two years and three months after the occurrences. Alluding to the fact that the probation officer had known of one of these charges for over two years and known of all three for more than a year, and *having failed to allege any of them in the earlier petition*, the court held that the procedure was fundamentally unfair, being careful to point out that it was not holding that

there could never be, in a proper case, a second revocation hearing alleging violations committed before a previous hearing, but that in this case, the long delay coupled with the probation officer's obvious decision not to file on these charges, deprived the defendant, Tyler, of fundamental due process. Thus, in *Tyler* an improper and vindictive motive was clearly induced by the procedures followed by the prosecution. The absence of similar circumstances in the case before us is obvious and moreover we think *Tyler* illustrates the wisdom of avoiding a rigid rule.

Appellant argues that a refusal to reverse will result in our having excised the 60 day requirement from § 41-1209 (2), but we doubt that our decision will be construed so boldly; it is not the intent of this opinion to undermine the 60 day requirement in the slightest, we simply decline to hold that *in this case* the trial court should have applied the 60 day requirement to a revocation petition before the petition was filed or that the refusal to do so contravened principles of fundamental fairness, absent any inferences of improper or vindictive motives.

Affirmed.

NEWBERN, J., concurs.

DAVID NEWBERN, Judge, concurring. The sentences with respect to all of the convictions mentioned in the majority opinion resulted from a previous petition to revoke. As to each of the offenses, Gordon was sentenced, at a revocation hearing in May, 1978, to five years with four years suspended on good behavior. These sentences were issued on May 15, 1978, pursuant to a petition to revoke.

As mentioned in the majority opinion, the more recent petition to revoke, which is the subject of our consideration here, only requested revocation with respect to one of the previously imposed sentences, but it mentioned the others in the body of the petition. Gordon was arrested pursuant to that petition in May, 1979. The hearing on the petition was not held until August 23, 1979. It is, therefore, obvious that there was a violation of Ark. Stat. Ann. § 41-1209 (Repl.

1977), with respect to the hearing held on the petition to revoke pursuant to which Gordon was arrested. It is equally clear no violation of the statute has occurred with respect to the other three offenses, as no arrest had been made pursuant to any petition to revoke them. The "arrest" to which the statute refers must be an arrest for an offense which precipitates a petition. *Walker* v. *State*, 262 Ark. 215, 555 S.W. 2d 228 (1977). I fear the majority opinion suggests there might be some latitutde in the application of the statute. I see none but simply feel the statute is strictly inapplicable to all but the one case which was dismissed.

Entirely separate from the consideration of the statute, is the question whether failure to petition for revocation on three of four outstanding sentences violates any constitutional guarantee. I agree with the majority that *United States* v. *Tyler*, 605 F. 2d 851 (1979), is inapplicable, but I would like to state separately my reason for distinguishing it. In the *Tyler* case, the defendant was subjected to separate revocation hearings on each of several known offenses which had occurred and upon which revocation of a single sentence was sought. In this case we have several sentences which are potentially revocable, but we are dealing only with one offense which may serve as a predicate for revocation.

It should be made clear that, unlike the *Tyler* case, no issue was made in this case of the time which elapsed between the prostitution arrest and the time the petition to revoke in the remaining cases was filed.

It should also be made clear that this case does not stand for the proposition that the prosecution may proceed in a piecemeal manner by having separate hearings on the same conduct proposed as a ground for revocation until each of the revocable sentences has been adjudicated. The petition to revoke in CR 75-332 was dismissed by the court because of a clear violation of the statute referred to above. Thus, prior to the hearing we consider here there had been no hearing on the merits as to whether any suspension of sentence should be revoked because of the prostitution episode. Had the prosecution failed in a hearing on the merits with respect to revoca-

tion of one of the suspensions, I am confident this court would not have approved any subsequent revocation based on the same alleged offense.