Virgil Hayden BOOTH, Jr. *v.* STATE of Arkansas

CA CR 83-126                              662 S.W.2d 213

Court of Appeals of Arkansas
Division I
Opinion delivered January 4, 1984

*Andrew Fulkerson, P.A.,* by: *Andrew Fulkerson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Virgil Hayden Booth, Jr., was convicted by an Arkansas County jury of possession of a controlled substance with intent to deliver and sentenced to a term of seven years and fined $9,000.00. We reverse.

Appellant was a passenger in a car operated by Van-gilder. Police officers stopped the car about 2 a.m. because the car had no brake lights and an inoperative tail light. Vangilder got out of the car to speak with the police officers and when told of the defective lights, voluntarily opened the trunk of the car to repair the lights. While the trunk was open, one of the officers saw an unzipped bag lying in the trunk in which there were some plastic bags that appeared to contain marijuana. Upon closer examination of the plastic bags, the officers charged Vangilder and appellant with possession of a controlled substance and intent to deliver.

Appellant remained in the car until he was arrested. A search of appellant, Vangilder and the car turned up no further evidence of marijuana. Vangilder, but not appellant, had a sweet smell on his person when arrested but the officers could not identify the odor. The officers thought appellant may have been drinking prior to the arrest.

Appellant and Vangilder were tried together. Appellant asked for a directed verdict at the close of the prosecution's case, which was denied. The defense rested without putting on further evidence at which time appellant renewed his

motion for a directed verdict which was denied. Both appellant and Vangilder were convicted of possession of a controlled substance with intent to deliver.

Appellant appeals the trial court's refusal to grant a directed verdict for the reason that there was insufficient evidence to sustain a conviction. Appellant contends that there was no evidence presented at trial linking him to the marijuana upon which the jury could have based its verdict.

Where the sufficiency of the evidence is challenged on appeal, the evidence must be viewed in the light most favorable to the appellee and affirmed if there is any evidence to support it. *Harmon* v. *State*, 260 Ark. 665, 543 S.W.2d 43 (1976). If a jury could have reached its conclusion without resorting to speculation or conjecture, its verdict must be upheld. *Montgomery* v. *State*, 277 Ark. 95, 640 S.W.2d 108 (1982). However, if, when viewed in the light most favorable to the appellee, the evidence is such that a reasonably-minded juror would have a reasonable doubt as to the existence of any of the essential elements of the crime charged, the jury's verdict must be set aside. *U.S.* v. *Brim*, 630 F.2d 1307 (8th Cir. 1980), *cert. denied*, 452 U.S. 966 (1981).

In the instant case, appellee argues that there was sufficient testimony presented at trial to infer that appellant shared possession of the marijuana with Vangilder, since appellant and Vangilder were riding together in the vehicle. We disagree.

We recognize the principle of joint possession or joint occupancy of a place where contraband is discovered. *Cary* v. *State*, 259 Ark. 510, 534 S.W.2d 230 (1976). But, when joint occupancy is the sole evidence against the defendant, there must be some additional link between the defendant and the contraband. See, *Cary* v. *State, supra; Ravellette* v. *State*, 264 Ark. 344, 571 S.W.2d 433 (1978). Another more recent case in point, cited by appellant, is *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982). In that case, the defendant was convicted of possession of cocaine and possession of other controlled substances with intent to deliver. The cocaine was found on

the defendant's person, and the other drugs were found in various places within the defendant's residence which he shared with his wife and three other persons. The Arkansas Supreme Court, in reversing that portion of his conviction relating to other drugs found in the residence, explained the joint occupancy rule as follows:

> Constructive possession can be implied when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control, or to the control of the accused and another, but neither actual nor exclusive possession of the contraband is necessary to sustain a charge of posses - sion. (cite omitted) However, we have also held that joint occupancy of premises alone will not be sufficient to establish possession or joint possession unless there are additional factors from which the jury can infer possession. (cites omitted)

In arguing that appellant's presence in the vehicle containing the marijuana was sufficient evidence to support the jury's conclusion, the State in the case at bar relies upon an Arkansas Court of Appeals case, *Llewellyn v. State*, 4 Ark. App. 326, 630 S.W.2d 555 (1982). There, a shared vehicle was involved. However, we believe the case is distinguishable. The vehicle in which the drugs were found was a van, and the drugs were in the passenger compartment. Also, there was other evidence linking the defendant to the drugs. The defendant in *Llewellyn* was present when the drug deal was negotiated as well as when the drugs were delivered, thus supplying the necessary added links to the contraband.

In this case, there was no evidence linking appellant to the marijuana found in the trunk. There was no evidence of any prior involvement by appellant; there was nothing suspicious about his person or his actions; there was no evidence that he had keys to the car or its trunk when arrested; and there was no proof as to his relationship with the driver or the length of time they had been together.

Other than the fact that appellant was riding in the car, there was no evidence presented which would link him with

the marijuana locked in the trunk. In the absence of such evidence from which the jury could infer possession by appellant, we find the *Osborne* case controlling. Accordingly, we reverse, finding that the jury could have reached its conclusion only by speculation or conjecture and that the trial court incorrectly denied appellant's motion for a directed verdict.

Reversed and dismissed.

CLONINGER and CRACRAFT, JJ., agree.