Lucky NOWDEN *v.* STATE of Arkansas

CA CR 89-289                                         792 S.W.2d 621

Court of Appeals of Arkansas
En Banc
Opinion delivered July 5, 1990
[Rehearing denied August 22, 1990.]

*William R. Simpson, Jr.*, Public Defender, and *Donald K. Campbell III*, Deputy Public Defender, by: *Didi H. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Kelly A. Procter*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Lucky Nowden, appeals his conviction at a bench trial of possession of a controlled substance (marijuana), a violation of Ark. Code Ann. § 5-65-401 (1987). Upon conviction, the appellant was sentenced to four years in prison with three years suspended. For reversal, appellant argues that the evidence was insufficient to support his conviction. We disagree and affirm.

The issue on appeal is whether the verdict is supported by substantial evidence. Substantial evidence, whether direct or circumstantial, must be of sufficient force and character that it will, with reasonable and material certainty, compel a conclusion one way or the other. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). Upon review, it is necessary to ascertain only the evidence favorable to the appellee and only that testimony which actually supports the verdict of guilt. *Id.*

The record reflects that on June 28, 1988, the appellant was driving down Roosevelt Road in Little Rock, Arkansas, in a pick-up truck with a friend, when he was stopped by State Trooper Dale Cook. There was testimony that neither appellant nor his friend was the owner of the truck. At trial, Cook testified that he noticed that the decals on the license plate were peeling off, and a check revealed that the plate had been issued to another vehicle. Cook stated that when he had the vehicle stop, the appellant

exited the truck and came straight to the patrol car "like he did not want me at the truck." He also said that the appellant appeared to be nervous.

Soon afterwards, local police officers stopped to offer assistance. Officer Charles Ray of the Little Rock Police Department testified that when he arrived, Trooper Cook was speaking with the appellant and that the passenger had stepped out of the truck. In checking the truck for weapons, Officer Ray related that he glanced through the window and observed a brown grocery sack sitting on the floorboard on the passenger side of the truck. He said that he could plainly see a large amount of green vegetable matter in the sack. The contents of the sack was later determined to be marijuana. In describing the interior of the truck, Ray stated that it was not cluttered, and that the truck had an automatic transmission with no console or other barrier between the seats. After this discovery Ray alerted Trooper Cook and the appellant and the passenger were arrested. Ray further testified that the grocery sack contained forty-seven individually wrapped plastic baggies of marijuana.

In order to sustain a conviction for possession of a controlled substance, the case law is clear that actual or physical possession of the contraband is not required. *Sweat v. State*, 25 Ark. App. 60, 752 S.W.2d 49 (1988). In *Parette v. State*, 301 Ark. 607, 786 S.W.2d 817 (1990), the supreme court set out the applicable standards governing proof of possession when there is evidence of joint occupancy, as follows:

> If this conviction is to be affirmed, it must be shown that the appellant possessed the marijuana. Constructive possession is a sufficient showing. Constructive possession may be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. Where, however there is joint occupancy of premises, then some additional factor must be present linking the accused to the contraband. The state must prove that the accused exercised care, control and management over the contraband and that the accused knew that it was in fact contraband.

*Id*. at 616, 786 S.W.2d at 822 (citation omitted).

In *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988), the supreme court recognized cases from other jurisdictions that have held that the prosecution can sufficiently link an accused to contraband found in an automobile occupied by more than one person by showing additional facts and circumstances indicating his knowledge and control of the illegal substance. From the cases cited, the court identified certain factors from which constructive possession can be inferred, such as: (1) that the contraband was in plain view; (2) that the contraband was on the defendant's person or with his personal effects; (3) that the contraband was found on the same side of the car seat as the defendant was sitting or in immediate proximity to him; (4) that the accused was the owner of the automobile in question, or that he exercised dominion and control over it; and (5) that the accused acted suspiciously before or during arrest.

In *Plotts*, the driver of the vehicle was arrested for reckless driving and driving without a license. As the officer was putting handcuffs on the driver, a package visibly containing syringes fell onto the ground. The officer then went to the other side of the vehicle to question the appellant, who was the passenger and owner of the car. The officer looked into the backseat of the car and saw a bag of marijuana protruding out of a clothes bag. When the officer asked appellant if he could search the vehicle, appellant replied, "You can search the vehicle, any part of the vehicle you want to. If there are any drugs in there, I want them out." Upon searching the clothes bag, the officer found several bags of marijuana. The court held that the fact that the officer found marijuana lying in plain view, that appellant was the owner of the vehicle, and that appellant made a suspicious statement at the time of the stop were sufficient additional circumstances to link appellant to the contraband.

Applying the factors set out in *Plotts* to the case at bar, the appellant was the driver of a vehicle in which contraband was found. The marijuana was contained in an open sack which was readily visible to the officer who made the discovery. Although the sack was located on the floorboard on the passenger side, from where the appellant was sitting, he had an unobstructed view of the sack which was in an area immediately accessible to him. Additionally, the appellant exhibited suspicious behavior just after the stop and while he was being questioned by the officer. It

was said that he immediately exited the truck acting as if he did not want the officer near it, and that he appeared nervous.

The evidence thus indicates that appellant was exercising dominion and control of a truck where contraband was found in plain view and in his immediate vicinity. These facts, coupled with his outwardly suspicious behavior, sufficiently established evidence linking appellant to the contraband, such that it can be inferred that he had knowledge and control over the illegal substance. Viewing the evidence in the light most favorable to the state, we cannot say that appellant's conviction for possession of a controlled substance is not supported by substantial evidence.

Affirmed.

CRACRAFT, COOPER and JENNINGS, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. Although I do not disagree with the majority's statement of the applicable law, I dissent because I view the evidence as insufficient to support the conviction.

The majority states that the appellant was linked to the contraband because the appellant had an unobstructed view of the contraband, and because the appellant behaved suspiciously by immediately exiting the truck when he was stopped. I do not agree that the evidence is of sufficient force and character to compel either conclusion.

First, I can find no evidence in this record to support a finding that the appellant had an unobstructed view of the contraband. To the contrary, Officer Ray testified that he did not see the brown paper bag when he glanced in the open door on the driver's side of the vehicle; he noticed the bag only after walking around to the passenger's side of the vehicle. He testified that the bag was located on the floorboard directly in front of the passenger's seat, so that it would have been directly between the passenger's legs. Second, I disagree with the majority's conclusion that the appellant acted suspiciously when he exited the truck after being stopped. Trooper Cook testified that, after the vehicle came to a stop, he asked the appellant to step out of his vehicle and come back to the patrol car. Trooper Cook subsequently stated:

[The appellant] was just very nervous. In all, like I said, he

exited the vehicle first, came straight back to me like he did not want me up at the truck.

Finally, although other controlled substances were found on the person of the passenger, none were found to be in the actual possession of the appellant, the driver of the vehicle.

In Arkansas, two recent cases have dealt with the joint occupancy issue. In *Williams* v. *State*, 289 Ark. 443, 711 S.W.2d 825 (1986), the Supreme Court held that where there is joint occupancy of the area in which the contraband is found, an additional factor must be present linking the accused to the contraband. The State must prove that the accused exercised care, control, and management over it, and that he knew that the matter possessed was contraband. In *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988), the court relaxed the rigidity of the *Williams* rule, and recognized cases from other jurisdictions holding that the prosecution can sufficiently link an accused to contraband found in an automobile occupied by more than one person by showing additional facts and circumstances indicating his knowledge and control of it such as 1) that the contraband was in plain view, 2) that the contraband was on the defendant's person or with his personal effects, 3) that the contraband was found on the same side of the car as the defendant was sitting or in immediate proximity to him, 4) that the defendant was the owner of the automobile in question, or that he exercised dominion and control over it, and 5) that the defendant acted suspiciously before or during the arrest.

In *Plotts*, supra, the driver of the vehicle was arrested for reckless driving and driving without a license. As the officer was putting handcuffs on the driver, a package visibly containing syringes fell onto the ground. The officer then went to the other side of the vehicle to question the appellant, who was the passenger and the owner of the car. The officer looked into the backseat of the car and saw a bag of marijuana protruding out of a clothes bag. When the officer asked the appellant if he could search the vehicle, the appellant replied, "You can search the vehicle, any part of the vehicle you want to. If there are any drugs in there, I want them out." During a search of a clothes bag, the officer found several bags of marijuana. The Court held that the fact that the officer found the marijuana lying in plain view, that

the appellant owned the vehicle, and that the appellant made a suspicious statement at the time of the stop were sufficient additional circumstances to link him to the contraband.

An analysis of the facts of the present case applying the factors listed in *Plotts, supra,* leads me to several conclusions regarding the proof presented by the State. First, the evidence is very weak that the bag containing contraband was in plain view from the appellant's perspective. The officer testified that he noticed relatively minor details such as litter on the floorboard of the vehicle when viewed from the driver's side, but he did not discover the bag until he walked around and viewed the interior from the passenger's side. Moreover, the police officer's view of the interior was evidently superior to that of the appellant, whose view of the bag, according to the police officer's testimony, would have been obscured because the bag was situated so as to be between the passenger's legs. The passenger was not in the vehicle when the officer looked in the driver's side, but the officer still did not notice the bag. Second, there is no evidence that the appellant had contraband on his person, and there is substantial evidence that the passenger had contraband on his person. Third, there is no evidence that the contraband was found on the same side of the vehicle as the appellant; instead, the evidence shows that the contraband was in the immediate vicinity of the passenger. Fourth, there is no evidence that the appellant was the owner of the vehicle; although it is clear that the appellant was driving the vehicle, the passenger testified that he requested him to do so. Fifth, there is very weak evidence that the appellant behaved suspiciously. In *Plotts*, the appellant told police that if there were any drugs in the car, he wanted them out. This behavior was certainly suspicious, and could fairly support an inference that Plotts knew that there were drugs in his vehicle. In the case at bar, the appellant promptly exited his vehicle after he was instructed to do so by the officer. The officer testified that the appellant appeared to be nervous, adding that the appellant "exited the vehicle first, came straight back to me like he did not want me up at the truck." The latter statement is speculative, conclusory, and entitled to no weight even in the absence of an objection, given the officer's prior testimony that he instructed the appellant to exit the truck and move to the front of the patrol car. Furthermore, although I concede that the police officer could properly testify

that the appellant seemed to be nervous, this observation, unlike the suspicious statement in *Plotts*, says very little about whether the appellant knew that the vehicle contained contraband.

I do not mean to suggest that I think that all of the factors listed in *Plotts* must be present to support a finding that a defendant had the requisite knowledge and control of the contraband; instead, I believe that those factors are merely circumstances which bear on the ultimate issue of whether knowledge and control were present, and that our review of a finding of knowledge and control must be based on the totality of those circumstances. Therefore, our analysis should not be directed at whether there is substantial evidence, however marginal, to support a finding that a factor listed in *Plotts* was present, but should instead focus on the essential question of whether the factors which *were* present, when taken together, are of sufficient force and character to support a finding that a particular joint occupant had knowledge and control of the contraband. In the case at bar, there was no direct evidence that the contraband was visible to the appellant; to the contrary, the officer's testimony leads me to the opposite conclusion. This leaves us with the following factors: the appellant was driving the vehicle, and he appeared to be nervous when a police officer instructed him to exit the vehicle and move to the front of the patrol car. I submit that the evidence in this case is not substantial so as to induce the mind to go beyond the mere suspicion or conjecture that the appellant had knowledge of and control over the contraband, and is not sufficient to compel a conclusion one way or the other with reasonable certainty.

I would reverse and dismiss.

CRACRAFT and JENNINGS, JJ., join in this dissent.