Ernest Dewayne LEMONS *v.* STATE of Arkansas

CR 91-108                                       836 S.W.2d 861

Supreme Court of Arkansas
Opinion delivered September 14, 1992

*Daniel D. Becker* and *Terri Harris*, for appellant.

*Winston Bryant,* Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Ernest Dewayne Lemons, had his probation revoked by the trial court because he failed to comply with certain conditions of his probation. The primary issue before us is whether or not the trial court erred in finding the circumstantial evidence adduced during its hearing was sufficient to support revocation. We affirm the trial court.

In August 1989, Lemons pled guilty to two counts of theft of property over $2500 and one count of theft of property over $200 and was placed on probation by the trial court. In August 1990, the state filed a petition to revoke his probation on grounds arising out of the facts surrounding his arrest for the shooting death of Greg Stephens. A probation revocation hearing was held prior to Lemons' murder trial. Based upon the testimony of Lemons' probation officer, two police officers who investigated the murder charge, and a witness from the murder scene, the trial court determined that Lemons had violated the terms of his probation and sentenced him to thirty-five years. He appealed the revocation.

While his appeal was pending, Lemons was tried on the murder charge. Because of inconsistent testimony at trial, the state filed a motion to dismiss the charges, which was granted. As a result, Lemons moved to supplement his revocation appeal with a transcript of the testimony from the murder trial. This court, in turn, entered a per curiam order remanding the revocation proceeding to the trial court for "a rehearing, or reexamination and re-evaluation of all relevant evidence." After considering this additional evidence, the trial court reaffirmed its original position and made specific findings that:

> 1.  The condition with regard to firearms was violated. This finding is based upon the circumstantial evidence the Court finds to be credible.

2. The testimony and opinion of Dr. Michael Graham is decisive and supports the Court's previous finding that Defendant Lemons committed a homicide.

3. That either Dr. Malak made a mistake in judgment and his opinion, or gave his opinion based upon a tissue slide of another person through an error of laboratory personnel.

4. Dr. Beamer's opinion is given some weight although Dr. Beamer did not have the advantage of reviewing the necessary exhibits and materials that the other two (2) experts examined.

To revoke probation, the burden is on the state to prove the violation of a condition of probation by a preponderance of the evidence. *See* Ark. Code Ann. § 5-4-309 (1987); *Hoffman v. State*, 289 Ark. 184, 711 S.W.2d 151 (1986); *Pearson v. State*, 262 Ark. 513, 558 S.W.2d 149 (1977). On appellate review, the trial court's findings will be upheld unless they are clearly against a preponderance of the evidence. *Hoffman, supra.* Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation revocation. Thus, the burden on the state is not as great in a revocation hearing. Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial judge's superior position. *Hoffman, supra.*

The evidence presented in support of revocation of Lemons' probation, although circumstantial, is sufficient. Circumstantial evidence alone is sufficient to sustain a conviction when it indicates the accused's guilt and excludes every other reasonable hypothesis. *Atkins v. State*, 310 Ark. 295, 836 S.W.2d 367 (1992).

Lemons argues that the evidence presented at the hearing was inconclusive, claiming that it is possible that the victim was killed after he left. However, the evidence is otherwise. A witness testified that she saw Lemons and the deceased scuffle. The appellant then stated, "I have something for you" and was seen reaching under the driver's seat. He pulled "something" out.

Shots were heard next, and then the victim was found bleeding from a gunshot wound to the head. The victim later died. Based on the foregoing, we cannot say that the trial court's findings were clearly against a preponderance of the evidence.

■ Lemons further complains that the trial court abused its discretion in continuing the revocation hearing on its own motion and ordering issuance of a subpoena for a witness not under subpoena for either party. However, Lemons has failed to cite authority on this point, and his argument is not persuasive. The rules of evidence are not strictly applicable in revocation proceedings. *See Redman v. State*, 256 Ark. 774, 580 S.W.2d 945 (1979); A.R.E. Rule 1101.

Affirmed.