Randy KIRBY *v*. STATE of Arkansas

CA CR 95-284                                    915 S.W.2d 736

Court of Appeals of Arkansas
Division III
Opinion delivered February 28, 1996

*Bart E. Ziegenhorn,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. Appellant, Randy Kirby, appeals from the revocation of his suspended sentence. His sole argument on appeal is that there was insufficient evidence to support the trial court's finding that he violated the terms of his suspended sentence. We disagree and affirm.

Appellant pled guilty to forgery charges on May 29, 1991, and received a ten-year suspended sentence. On November 24, 1992, an arrest warrant was issued for the appellant charging him with robbery and battery for the stabbing of Willy Taylor. The State also filed a petition for revocation alleging that the appellant robbed Willy Taylor while armed with a deadly weapon and caused serious physical injury by means of a deadly weapon. The revocation hearing was held simultaneously with the trial. A jury acquitted appellant of both the robbery and battery charges, but the trial court found that the appellant violated the terms and conditions of his suspended sentence. The trial court revoked appellant's suspended sentence and sentenced him to a term of eight years in the Arkansas Department of Correction. On appeal, appellant argues that there was insufficient evi-

dence to support the trial court's decision to revoke his suspended sentence.

■ The State urges us to affirm this case pursuant to Ark. Sup. Ct. R. 4-2 because appellant failed to abstract the conditions of his suspension. It is the duty of the appellant in a criminal case to abstract such parts of the record as are material to the points to be argued in the appellant's brief. Ark. Sup. Ct. R. 4-3(g). In our review of the trial court's revocation of a suspended sentence, the conditions of suspension are a material part of the record necessary to an understanding of the questions presented. *See Bangs* v. *State*, 310 Ark. App. 235, 835 S.W.2d 294 (1992). The failure to abstract a critical document precludes this court from considering issues concerning it. *Jackson* v. *State*, 316 Ark. 509, 872 S.W.2d 400 (1994). However, as long as we can determine from a reading of the briefs and appendices the material parts necessary for an understanding of the questions at issue, we will render a decision on the merits. *Carmical* v. *Beebe*, 316 Ark. 208, 871 S.W.2d 386 (1994).

■ Although appellant failed to abstract the terms of his suspension, it is clear from the portion of the abstract setting forth the judge's comments and from the parties' briefs that the trial court found that appellant committed a battery which constituted a violation of the terms of his suspended sentence. Appellant does not challenge the finding that the commission of a battery is a violation of his suspended sentence. Instead, he argues that the State did not present sufficient evidence at the combined trial to show by a preponderance of the evidence that he committed a battery. Thus, the issues are sufficiently defined by the abstract and the parties' briefs for us to reach the merits of the case.

■ In order to revoke a suspended sentence, the trial court must find by a preponderance of the evidence that the defendant failed to comply with the conditions of his suspension, and we do not reverse that decision on appeal unless it is clearly against the preponderance of the evidence. *Alford* v. *State*, 33 Ark. App. 179, 804 S.W.2d 370 (1991).

At the trial of this case, Willy Taylor testified that he was standing outside a club named Otto's around ten or eleven o'clock p.m. on November 20, 1992, when appellant approached

and asked whether he had any money. Mr. Taylor said that there was no one else outside Otto's at that time. He said that, when he turned to go back into the club he felt something sharp hit him in his chest, and he fell into a ditch. On cross-examination, Mr. Taylor admitted that he had been drinking the night of the battery and had poor eyesight.

Appellant testified that he did not commit the battery. He said that he was not at Otto's the night of the stabbing; instead, he claimed that he was at Black's Cafe until around eleven o'clock p.m. when he went home and slept on the couch. Testimony by Sara Kirby, appellant's mother, corroborated his testimony that he was at home asleep on the couch around eleven o'clock p.m. The jury found the appellant not guilty, but the trial court found that appellant violated one of the terms of his suspended sentence by committing a battery on Willy Taylor.

■ The evidence presented was circumstantial and, perhaps, inadequate for a conviction, but that quantum of evidence is not required in a revocation hearing. *Gordon* v. *State*, 269 Ark. 946, 601 S.W.2d 598 (1980). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation revocation. *Lemons* v. *State*, 310 Ark. 381, 836 S.W.2d 861 (1992). On our review of the evidence, we cannot say that this finding is clearly against the preponderance of the evidence. A determination of preponderance of the evidence turns heavily on questions of credibility and weight to be given the testimony, and, in that respect, we defer to the superior position of the trial court to make that determination. *Id.* The trial court was entitled to believe the testimony of the victim and to discount any exculpatory testimony. We hold that the evidence presented was sufficient to support the trial court's finding.

Affirmed.

MAYFIELD and NEAL, JJ., agree.