Richard GREENE *v.* STATE of Arkansas

CR 96-102                                921 S.W.2d 951

Supreme Court of Arkansas
Opinion delivered May 28, 1996

*Constance G. Grayson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen. and *Rinda Baker,* Law Student Admitted to Practice Pursuant to Rule XV (E)(1)(b), for appellee.

TOM GLAZE, Justice. Appellant Richard Greene's appeal involves two prior drug convictions. The first one, case CR90-586, was entered on April 24, 1991, wherein he received a ten-year

probation sentence, conditioned upon future good behavior and other conditions. The second one, case CR92-548, was entered on May 24, 1992, wherein he was convicted of selling and delivering cocaine on October 10, 1991, and given a ten-year suspended sentence conditioned, again, upon good behavior and other conditions.

On January 19, 1993, the state filed a petition to revoke Greene's probation in case 90-586 based upon his drug conviction in 92-548. The state amended its revocation on February 6, 1995 to add another cocaine charge whereby the state claimed Greene possessed cocaine on June 25, 1994. The state filed another revocation petition in case 92-548 based upon the June 25, 1994 cocaine charge.

On October 3, 1995, the trial court held a hearing on both of the state's pending revocation petitions in cases 90-586 and 92-548, and the judge found Greene violated his respective probationary and suspension conditions. After the trial court made its finding, it sentenced Greene to forty years in case 90-586 and ten years in 92-548, the terms to run concurrently.

We first consider Greene's claim that the trial court erred in allowing Officer David Holland to relate irrelevant testimony which was highly prejudicial. Holland testified that, on June 25, 1994, he and Officer Lawrence Vaughn were dispatched to the 300 block of South 9th Street in West Memphis. Holland said, "I was familiar with the area, and can describe the residence I was dispatched to." In reference to his being in the area in the past, he further stated, "It is a white frame house with a wooden fence around it, [and] I have been in that house before." Greene interposed a relevance objection which the trial judge overruled. Holland then related that he had been inside the house on prior occasions to assist the narcotics unit in serving search warrants.

Holland testified further that upon arrival at the house just described, he and Vaughn saw Greene standing outside the fence surrounding the house. Greene started walking back through the fence to the house when Holland ordered Greene to stop. Although the officers were in uniform and a marked car, Greene ran away with the officers in pursuit. Vaughn caught Greene and made a security frisk after seeing a bulge in Greene's pocket. Vaughn found $270 in cash along with a rock-like substance. When asked what

the "rock" was, Greene moved backward and in struggling with Greene, Vaughn dropped the rock in a gravel drive and Greene ran away again. The officer again captured Greene, and found two more smaller rock-like substances in his pocket which were later tested positive as being cocaine. The original "rock" was never found.

Greene argues Holland's initial testimony describing the house where Greene was first located was unrelated to the state's allegations that Greene was dealing in drugs. He claims that, even if criminal activity had taken place inside the residence in the past, the state showed no evidence that Greene was in any way connected with any such prior drug activity.

■ Greene's argument overlooks several points. First, Holland's and Vaughn's testimonies only described the area and house where Greene was found as a high drug-crime area. We believe this testimony was relevant for this purpose. Second, Vaughn's unobjected-to testimony clearly established Greene possessed cocaine when he was arrested on June 25, 1994, and this evidence was sufficient, alone, for the trial judge to conclude that Greene violated the terms of his prior probation and suspension conditions. Third, we also point out that the state's revocation petition in case 90-586 did not rely only on the June 25, 1994 drug charge, but also specified Greene's conviction in 92-548 as being a ground for revoking Greene's probation. Again, Greene's conviction in case 92-548 was, itself, sufficient to revoke his probation in the earlier 90-586 case.

■ In conclusion, Greene claims the state's evidence bearing on the June 25, 1994 charge was insufficient to show he violated the terms and conditions of his probation and suspension sentences in cases 90-586 and 92-548. We need not repeat the evidence already set out hereinabove. Suffice it to say, the state's evidence was more than sufficient to prove by a preponderance of evidence that Greene violated his conditions of probation and suspension. *See Lemons* v. *State*, 310 Ark. 381, 836 S.W.2d 861 (1992); *see also Strickland* v. *State*, 322 Ark. 312, 909 S.W.2d 318 (1995), and *Igwe* v. *State*, 312 Ark. 220, 849 S.W.2d 462 (1993).

DUDLEY, J., not participating.