Stephanie DORITY *v.* STATE of Arkansas

CR 97-66                                         951 S.W.2d 559

Supreme Court of Arkansas
Opinion delivered September 25, 1997

*John H. Bradley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. This appeal raises the question whether Ark. R. Crim. P. 28.1, which requires that a defendant be tried within twelve months from the time she is charged with an offense in circuit court, applies to a revocation of probation. The trial court found that the rule does not apply because, in a probation revocation hearing, the defendant is not charged with an offense, but is alleged to have violated the terms of a previously imposed sentence on an offense. This is a question of first impression for this court. The reasoning of the trial court is sound, and we affirm.

A felony information was filed against Stephanie Dority, appellant, on May 9, 1993, charging her with second-degree battery, disorderly conduct, and refusal to submit to arrest. She pleaded guilty to the battery charge, and the other charges were dismissed. On November 9, 1993, the trial court entered an order of probation, which required her, among other things, to report as directed to her parole officer, promptly notify the sheriff and probation officer of any change of address, pay $15.00 per month probation fee, and pay installments of $25.00 per month on a $155.00 fine.

Two petitions for revocation were filed; one on March 14, 1994, and one on February 15, 1995. The first petition stated that appellant had failed to pay $155.95 on her fine, costs, and restitution. The second one stated that she had failed to notify her probation officer and sheriff of any change of address or employment, failed to cooperate with the probation officer "and/or" report as directed, failed to pay probation fees, and failed to pay fines and court costs.

A revocation hearing was held on June 24, 1996. Appellant argued that her right to a speedy trial had been violated because the hearing was held more than one year after the petition to revoke probation had been filed. The court agreed that more than one year had passed and that the extra time periods were not excludable. However, it ruled that appellant had no right to a hearing within a year under the provisions of Ark. R. Crim. P. 28.1 because the constitutional right to a speedy trial does not apply to revocation hearings, and proceeded to hear testimony.

Appellant's probation officer testified that appellant's records indicated that she had only reported once in fifteen months. She did not meet with an officer in person, but slid a note under his door. He stated that he had attempted to locate her, but she had moved. Appellant did not report any changes of address, and the officer filed a report on February 14, 1995, listing her as a absconder because he could not locate her.

Appellant testified that she hadn't paid her fees because she only receives $162.00 per month through Aid for Families with Dependent Children. She said that she had not reported to the probation officer because she had "caught" a drug charge and had assumed that she was not supposed to report after that. She said that she had moved three times since she had been put on probation. She admitted that she had not notified the officer of any changes of address. She said that she had been "hiding out" from police since she "caught" the drug charge.

The court found that appellant had inexcusably violated her probation and sentenced her to four years' imprisonment. Appellant argues on appeal that the trial court erred in determining that the constitutional right to a speedy trial does not apply to a revocation proceeding, and she contends that its finding that she inexcusably violated her probation is not supported by the preponderance of the evidence.

As we consider appellant's speedy-trial argument, we recognize that the constitutional right to a speedy trial, as embodied in Ark. R. Crim. P. 28.1, is available to an accused in a stage of criminal prosecution. The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy

and public trial." U.S. Const. amend. VI. However, in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the United States Supreme Court held that a probation revocation hearing is not a stage of criminal prosecution. As we pointed out when considering another issue in *Padilla v. State*, 279 Ark. 100, 648 S.W.2d 797 (1983), in a probation revocation hearing, a trial has already been held, and the defendant convicted. While a hearing must be held within a reasonable time, there is no absolute right, as in criminal prosecutions, to be heard within twelve months. What constitutes a reasonable time must be determined upon the facts of the particular case. *See Moody v. Daggett*, 429 U.S. 78 (1976); *United States v. Jackson*, 590 F.2d 121 (1979); Fed. R. Crim. Pro. 32.1. Appellant does not allege that her hearing did not take place within a reasonable time, but that her right to a speedy trial was violated because her hearing did not take place within a year of her revocation petition. We hold that appellant had no right to avail herself of the provisions of Ark. R. Crim. P. 28.1, which require a trial within twelve months, because her probation revocation hearing was not a criminal prosecution.

■ Having determined that the constitutional right to speedy trial does not apply to probation revocations, we turn to appellant's second argument that the trial court erred in determining that she inexcusably violated the terms of her probation. Under Ark. Code Ann. § 5-4-309 (Repl. 1993), a court may revoke a defendant's probation if it finds by a preponderance of the evidence that she inexcusably violated the conditions of her probation. *Id.* § 5-4-309(d). We review a trial court's decision to revoke probation in the light most favorable to the State, and will affirm if the decision is supported by a preponderance of the evidence. *Gaines v. State*, 313 Ark. 561, 855 S.W.2d 956 (1993).

■ Here, appellant admitted that she did not notify the probation officer of her change of address and that she purposely failed to report because she was "hiding out" from police after she "caught" a drug charge. The trial court's finding that these violations were inexcusable is not clearly against the preponderance of the evidence.

We affirm.