Jerrard Lamont PALMER *v.* STATE of Arkansas

CA CR 97-315                                        959 S.W.2d 420

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered January 7, 1998

*Jo Ellen Carson*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. On February 23, 1994, appellant Jerrard Lamont Palmer pled *nolo contendere* to committing a terrorisitic act — firing three shots at a residence during an alterca-

tion — in violation of Ark. Code Ann. § 5-13-310 (1993), for which he received a suspended sentence. In July 1994, the State petitioned the court to revoke his suspended sentence based on pending drug and weapons charges. The State amended its petition to revoke in September 1994 to include a charge of battery in the second degree and failure to pay costs and fines. On September 28, 1994, appellant pled *nolo contendere* to the charges of felon in possession of a firearm, possession of cocaine with intent to deliver, possession of marijuana with intent to deliver, and battery in the second degree. The trial court again saw fit to suspend much of the imposed sentences, contingent on standard conditions. On July 11, 1996, appellant was again charged with possession of cocaine with intent to deliver, and the State again petitioned to revoke his suspended sentences based on the new drug charge and failure to pay costs and fines. From that revocation proceeding comes this single-issue appeal. Appellant argues that the trial court's decision is not supported by sufficient evidence.

To revoke probation (or a suspended sentence), the burden is on the State to prove a violation of a condition by a preponderance of the evidence, and on appellate review the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). We hold that the trial court's findings are not clearly against the preponderance of the evidence, and therefore we must affirm.

The facts in the present case were developed at the revocation hearing through the testimony of two police officers, one of whom noticed a car parked for several minutes at the Ragon Courts apartment complex in Fort Smith at 4:25 a.m. on July 11, 1996. On cross-examination, the officer explained that he was patrolling the apartments because of recent reports of vehicle thefts in the area. Officer Hays observed three persons "ducked down" in the car for several minutes. He then approached the car to ask the occupants what they were doing. The officer observed an empty bottle of gin in the back seat and arrested appellant for contributing to the delinquency of a minor. The officer also arrested the other two occupants of the car, charging each with

minor in possession of alcohol. While interrogating the suspects individually, each gave conflicting accounts of why they were present in the parking lot.

Officer Perceful arrived on the scene to assist Officer Hays in the arrest. Officer Perceful then conducted an inventory search of the vehicle finding, in plain view, a plastic pill bottle on the front floorboard near the door on the driver's side (appellant was seated in the front passenger-side seat). The bottle contained .782 grams of cocaine.

A ledger sheet that reflected appellant's nonpayment of costs and fines was introduced at the revocation hearing, without comment or objection.

The first piece of evidence introduced, without objection, at the revocation hearing was a "Criminal Judgment and Payment Inquiry." The ledger dated August 9, 1996, reflects the fines and court costs imposed after appellant's first criminal plea to committing a terroristic act. Payments were scheduled at $50 per month and were to begin on March 15, 1994. The ledger reflects that for two-and-a-half years, no money had been paid toward the total $895.75 balance due. No testimony regarding the nonpayment of fines was introduced by either side, and the extent to which the trial judge relied on the nonpayment of fines for the revocation decision is unclear in his ruling. Further, appellant's argument regarding the nonpayment of fines as a proper basis for revocation is limited to the final two sentences of his brief, which characterizes imposing a twelve-year prison term based on nonpayment of fines as "cruel and unusual punishment," without reference to any authority.

We acknowledge the Supreme Court's holding on this issue in *Bearden v. Georgia*, 461 U.S. 660 (1983), and our own supreme court's holding in *Drain v. State*, 10 Ark. App. 338, 664 S.W.2d 484 (1984), both of which seek to avoid invidious discrimination against indigent defendants. However, we find the holdings in *Baldridge v. State*, 31 Ark. App. 114, 789 S.W.2d 735 (1990), and *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988), controlling under the present facts.

■ ■    Here the State introduced, without objection, documentary evidence showing a violation of the terms and conditions related to payment of fines and costs. Once such evidence is introduced, the defendant then bears the burden of going forward with some reasonable excuse for his failure to pay. *Id.* Here the defendant offered no reasonable excuse to the trial court and only referenced the issue in his appeal as a closing afterthought, with no supporting authority. Accordingly, we hold the trial court's finding of nonpayment of fines and costs supports the revocation and is not clearly against the preponderance of the evidence.

■    Appellant argues on appeal that the facts relating to his possession of cocaine, under the doctrine of joint possession, are insufficient evidence upon which to revoke his suspended sentence. While his argument might be more persuasive if this were an appeal of a criminal trial, it is not. As our supreme court recently explained in a different context, "in a probation revocation hearing, a trial has already been held, and the defendant convicted." *Dority v. State*, 329 Ark. 631, 634, 951 S.W.2d 559, 561 (1997) (holding that a revocation hearing is not a stage of a criminal prosecution for purposes of Sixth Amendment speedy-trial guarantees). Likewise, a hearing on the revocation of appellant's suspended imposition of sentence is not a criminal prosecution, and the legislature has seen fit to require only the lowest showing of proof available — a preponderance of the evidence. *See* Ark. Code Ann. § 5-4-309(d) (1993).

■    The burden of proof on the State in a revocation hearing is to prove the violation of a condition of probation by a preponderance of the evidence. *Tipton v. State*, 47 Ark. App. 187, 188, 887 S.W.2d 540, 542 (1994). The appellate court defers to the trial court's superior position on determinations of credibility. *Lemons, supra.* Further, the trial court, sitting as a finder of fact, is entitled to the same deference as a jury.

> It is important to remember that jurors do not and need not view each fact in isolation, but rather may consider the evidence as a whole. The jury is entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. [Citation omitted.] A jury may accept or reject any part of a witness's testimony, and its conclusion on credibility

is binding on the appellate court. *Winters v. State*, 41 Ark. App. 104, 848 S.W.2d 441 (1993).

*White v. State*, 47 Ark. App. 127, 131, 886 S.W.2d 876, 879 (1994).

■ Further, the complete constructive-possession analysis does not apply to revocation proceedings. For example, *Billings v. State*, 53 Ark. App. 219, 921 S.W.2d 607 (1996), held that a revocation appellant's possession of a key to a car containing contraband was sufficient evidence to support the revocation. In another case a jury acquitted the appellant of battery, but a trial court revoked the appellant's suspended sentence based on the same evidence. In affirming the revocation, the supreme court explained:

> The evidence presented was circumstantial and, perhaps, inadequate for a conviction, but that quantum of evidence is not required in a revocation hearing. *Gordon v. State*, 269 Ark. 946, 601 S.W.2d 598 (1980). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation revocation. *Lemons, supra.* On our review of the evidence, we cannot say that this finding is clearly against the preponderance of the evidence. A determination of preponderance of the evidence turns heavily on questions of credibility and weight to be given the testimony, and, in that respect, we defer to the superior position of the trial court to make that determination. *Id.*

*Kirby v. State*, 52 Ark. App. 161, 164, 915 S.W.2d 736, 738-39 (1996).

*Ellerson v. State*, 261 Ark. 525, 549 S.W.2d 495 (1977), further illustrates the appropriate quantum of proof required to uphold a revocation. In *Ellerson*, the supreme court affirmed a revocation based on the uncorroborated testimony of an accomplice, noting that such a lack of corroboration would be fatal to the State's case in a criminal trial, but the same quality or degree of proof is not required for the exercise of the court's discretion to revoke a suspended sentence. *Id.* at 531, 549 S.W.2d 498.

■ The dissent discusses at great length the twin theories of joint occupancy and constructive possession. Both are valuable and well-developed legal theories used to guarantee the reliability

of criminal convictions based solely on circumstantial evidence. However, we are not convinced from a reading of our prior case law that such safeguards are necessary in a revocation inquiry. Joint occupancy and constructive possession allow circumstantial evidence, when it sufficiently excludes all other reasonable hypotheses, to pass beyond the hurdle of "reasonable doubt" to support a criminal conviction. As we have attempted to explain at length here, "reasonable doubt" has no application in revocation proceedings, which are governed by a preponderance-of-the-evidence standard.

Based on the supreme court's holding in *Dority, supra,* that revocation is not a stage in a criminal prosecution for Sixth Amendment purposes, the legislature's choice to require the lowest quantum of proof to support a revocation, our own limited standard of review, which gives significant deference to the trial court's determination of credibility, and the many cases that hold that evidence insufficient to convict may be sufficient to revoke (*Lemons, Ellerson,* and *Kirby, supra*), we find the following facts relevant to support our holding that the trial court's revocation based on the cocaine charge was not clearly against the preponderance of the evidence.

First, appellant's suspicious behavior is relevant to our inquiry. Several reasonable inferences can be drawn from circumstantial evidence that officers observed at the scene. Appellant was encountered at approximately 4:25 a.m. The time of day of an arrest is relevant to the inquiry because a parked car with three occupants who are observed for several minutes could reasonably amount to suspicious circumstances at that time of day. *See Bailey v. State,* 307 Ark. 448, 821 S.W.2d 28 (1991). Also, the fact that the officer observed appellant and the other occupants of the vehicle "ducked down" is a furtive or suspicious action that amounts to relevant circumstantial evidence. *See Plotts v. State,* 297 Ark. 66, 759 S.W.2d 793 (1988). Additionally, the inconsistent accounts of the three suspects to the police during the encounter create an inference of suspicious behavior. *See Mings v. State,* 318 Ark. 201, 884 S.W.2d 596 (1994) (discussing at length the improbable nature of appellants' claim that they were going to Branson to see the shows when none of them were carrying ade-

quate clothing for a week-long visit). Further, the fact that the arrest took place in a high-crime area is relevant to the revocation determination. *Greene v. State*, 324 Ark. 465, 467, 921 S.W.2d 951, 952 (1996).

█ Secondly, the presence of the contraband in close proximity to appellant is relevant circumstantial evidence supporting the trial court's revocation decision. *See Kilpatrick v. State*, 322 Ark. 728, 733, 912 S.W.2d 917, 920 (1995); *Bond v. State*, 45 Ark. App. 177, 180-82, 873 S.W.2d 569, 571-72 (1994).

█ Finally, the fact that appellant had a prior conviction for a similar offense is relevant in a revocation decision. While appellant's prior offenses might have been excluded in a traditional criminal trial, such evidence may be admissible at a revocation hearing. *Fitzpatrick v. State*, 7 Ark. App. 246, 647 S.W.2d 480 (1983) (holding that relevant evidence inadmissible at a criminal trial may be admissible at a revocation hearing).

█ Based on these three factors, the holding in *Dority*, statutory guidance for revocation proceedings, and the implications of our own standard of review, we hold that the trial court's decision to revoke appellant's suspended sentence based on the cocaine charge is not clearly against the preponderance of the evidence, and therefore must be affirmed.

Affirmed.

AREY and ROGERS, JJ., agree.

ROBBINS, C.J., NEAL, and ROAF, JJ., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. I agree with the prevailing judges that Jerrard Palmer is certainly no Boy Scout. However, I do not agree that the State met its burden of proving, by a preponderance of the evidence, that Palmer was in constructive possession of the cocaine found in the automobile in which he was a passenger with two others. Because this was the sole basis stated by the trial court for revoking Palmer's suspended sentence, I would reverse.

Although the State also alleged in its petition to revoke that Palmer failed to pay costs and fines, the prosecutor merely intro-

duced, without comment, a "ledger" reflecting that Palmer had failed to pay the fines and costs. The record reflects that the State uttered not a single word about this ledger or about Palmer's failure to pay costs, either as testimony or in argument, and that the trial court never mentioned the failure to pay in pronouncing the following ruling:

> The Court finds by a preponderance of the evidence that the defendant possessed Cocaine With Intent to Deliver on July the eleventh, 1996. He was in the vehicle and the cocaine was found in the vehicle. . . . And there are grounds to revoke the suspended portion of [Palmer's] sentences.

Thus, even the record is devoid of any basis on which this court can affirm for failure to pay costs. The State, to its credit, does not even suggest such a disposition in its brief, undoubtedly because the record is clear — the trial court made no finding of nonpayment of fines and costs. Indeed, not one word about failure to pay was spoken by anyone at Palmer's hearing, and we do not conduct a *de novo* review of revocation proceedings.

As to the finding that Palmer was in possession of cocaine, I cannot agree that this is supported by any evidence, much less a preponderance of the evidence. For, although the State's burden in a revocation proceeding is less than for a criminal conviction, the State must still put forth *some* evidence of the offense, and we must still look to our established precedents to determine what that evidence should consist of. In a joint-occupancy situation, additional linking factors must be present before a defendant's probation may be revoked. *Billings v. State*, 53 Ark. App. 219, 921 S.W.2d 607 (1996) (appellant possessed a key to an automobile in which police found cocaine, and was the only person present when the search warrant was executed).

The factors outlined in the prevailing opinion — three men "ducked down" in a vehicle parked at an apartment complex in the early morning hours — may have justified an investigatory stop. The "inconsistent" statements allegedly given by the three young men — all said they were just visiting the complex, two said they had just arrived, and one stated they were about to leave — may have justified further inquiry. Discovery of an empty bot-

tle of gin in the back seat of the car in which Palmer was sitting with a minor and another adult may have justified Palmer's arrest for contributing to the delinquency of a minor, even though it is just as likely that the empty bottle could have been intended for use with the bottle rockets that were also discovered in the car. However, none of these factors serve to link Palmer to a small plastic pill bottle, found next to the driver's side door of the car after the driver, who was the last of the three to be taken from the car, had exited. No evidence was presented that Palmer was anything other than a passenger in the car. There was no testimony that he made any suspicious moves before leaving the car, that he owned the car, had keys to the car, or proof of any other factor suggesting that he "exercised care, control, and management over the contraband," as required in a joint-occupancy case. *See Darrough v. State*, 322 Ark. 251, 908 S.W.2d 325 (1995); *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793 (1988).

There is certainly no lack of guidance for this court or for the State to determine what constitutes the requisite linking factors. In *Plotts, supra*, the supreme court first set out the linking factors to be considered in cases involving vehicles occupied by more than one person: (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the driver of the automobile, or exercised dominion and control over it; and (5) whether the accused acted suspiciously before or during arrest. In affirming Plotts's conviction for possession of marijuana with intent to deliver, the court found sufficient linking factors where Plotts owned the car, a fully stuffed clothes bag with a plastic bag containing green vegetable material protruding out of it was in plain view in the back seat, and Plotts made a suspicious statement concerning drugs when he was asked to consent to a search of the car.

A review of the numerous post-*Plotts* cases involving the joint occupancy of a vehicle in which contraband has been found yields no case in which a conviction *or revocation* has been upheld with linking factors so insubstantial as in the case before us. *See Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995) (appellant was

the only person to drive the car on the day of the arrest, testified that he had thoroughly cleaned the car before using it, and contraband was found in plain view between the driver and passenger seats); *Mings v. State*, 318 Ark. 201, 884 S.W.2d 596 (1994) (numerous additional factors cited linking three appellants to 11.7 pounds of cocaine found hidden in a motor home leased by two of them and driven by the third); *Littlepage v. State*, 314 Ark. 361, 863 S.W.2d 276 (1993) (numerous containers of cocaine found in the vehicle appellant was driving, his fingerprints were found on an envelope containing baggies with cocaine residue, drug paraphernalia was found in a console next to appellant); *Kastl v. State*, 303 Ark. 358, 796 S.W.2d 848 (1990) (conviction for minor in possession of alcohol *reversed* where appellant was a passenger in a car with four others, a six-pack of beer was found lying in hatch area of vehicle behind her and accessible to her, appellant had smell of intoxicating alcohol about her person, and beer cans were found lying beside the vehicle); *Bond v. State*, 45 Ark. App. 177, 873 S.W.2d 569 (1994) (both appellants linked to contraband where pipe was found in plain view in immediate proximity to both, marijuana was found in back seat behind driver and accessible to both driver and passenger, a noticeable odor of marijuana was in the car, and both driver and passenger appeared glassy-eyed); *Haygood v. State*, 34 Ark. App. 161, 807 S.W.2d 470 (1991) (both driver and passenger linked to cocaine found in vehicle where cocaine was in gym bag in back seat right beside passenger and also in the driver's immediate access, and driver of vehicle also had cocaine in a medallion around his neck); *Johnson v. State*, 35 Ark. App. 143, 814 S.W.2d 915 (1991) (appellant was driver of car from which a bag of cocaine was dropped and exhibited suspicious behavior by speeding away after being stopped); *Nowden v. State*, 31 Ark. App. 266, 792 S.W.2d 621 (1990) (appellant was driver of a vehicle in which an open sack of marijuana was found in plain view on the passenger side of the floorboard with no console or barrier between the seats, and appellant appeared to be nervous); *Booth v. State*, 10 Ark. App. 216, 662 S.W.2d 213 (1984) (conviction *reversed* where appellant was a passenger in a car in which marijuana was discovered locked in the trunk and there was no evidence that he had keys to the car, and no proof of his relationship with the driver or length of time they had been

together). In fact, the linking factors in the instant case are similar, but far less compelling than in *Cerda v. State*, 303 Ark. 241, 795 S.W.2d 358 (1990), in which the supreme court reversed a criminal conviction where the contraband was not in plain view, on appellant's person, or in his immediate proximity, and appellant was not the owner of the vehicle or in control of it, even though appellant was extremely nervous and he and the joint occupant told conflicting stories.

Although the prevailing opinion seeks to distinguish these authorities because they involve appeals from criminal convictions rather than revocation proceedings, *Billings, supra*, which did involve a revocation proceeding, cannot be so easily ignored. In *Billings*, the affirmance was clearly based upon the appellant's possession of a key to the automobile parked outside his motel room, and in which cocaine was found — strong evidence that the appellant "exercised dominion and control" over the vehicle.

Here, the preponderance of the evidence — the greater weight of the evidence — the size of the bottle, location where it was found, the "hump" described by officers as separating the front floor board, the failure to connect Palmer to the vehicle in any way, and the fact that the driver exited last, suggests that the driver, not Palmer, possessed the easily concealed pill bottle. However, as the trial court said in finding that Palmer possessed cocaine with intent to deliver, "[h]e was in the vehicle and the cocaine was found in the vehicle." This was sufficient for the trial court and, sad to say, is also sufficient for the majority to send this man to prison for twelve years. Perhaps the State would have prevailed had it presented evidence on Palmer's failure to pay his costs or had it pursued the charge of contributing to the delinquency of minors. However, on appellate review, we must decide the case based on the record before us, not what the State might have or should have done. Here, the State simply failed to meet its burden of linking Palmer to the contraband, and failed to go forward with its case on the failure to pay costs. Even though the State has a lesser burden of proof in parole revocation hearings, I am aware of no authority that excuses the State from the most fundamental precept in our adversary system of justice: that you must make your case in order to prevail. I would reverse.

ROBBINS, C.J., and NEAL, J., join.