Robert G. COGBURN *v.* STATE of Arkansas

CR 78-37                                    569 S.W. 2d 658

Opinion delivered September 5, 1978
(Division I)

*Guy H. Jones, Phil Stratton, Guy Jones, Jr.,* and *Casey Jones,* for appellant.

*Bill Clinton,* Atty. Gen., by: *James E. Smedley,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, Robert G. Cogburn, 21, pleaded guilty to six charges of delivery of a controlled substance. The circuit court imposed a 10-year sentence, but suspended the sentence on condition that Cogburn, in lieu of incarceration, work as a volunteer at the Arkansas Children's Colony at Conway for at least 80 hours a

month for two years. Ark. Stat. Ann. § 41-1203 (Repl. 1977). After about 11 months the trial court revoked the suspension and directed that Cogburn serve three years, with the other seven being suspended. This appeal is from that order.

The statute provides that a suspension may be revoked if the court finds by a preponderance of the evidence that the defendant has "inexcusably" failed to comply with a condition of the suspension. § 41-1208 (4). In reviewing an order of revocation we affirm unless we find the court's order to be clearly against the preponderance of the evidence. *Pearson v. State*, 262 Ark. 513, 558 S.W. 2d 149 (1977). Here we so find.

The State's witnesses thought Cogburn's work at the Colony to be satisfactory except that he failed to work the required 80 hours a month. Immediately before the revocation Cogburn had worked 36 hours in April (with a doctor's excuse for another 28 hours), 75 hours in May, 63 hours in June, 75 1/2 hours in July, and 57 1/2 hours in August before the hearing on August 29. The trial judge, in reviewing his notes at the time of the revocation order in November, seems to have thought that the hours just enumerated were those that Cogburn had missed instead of those that he had worked. That misunderstanding may have led to the revocation.

Cogburn's fellow workers were complimentary about his work, thinking it to be better than that of some paid employees of the Colony. One described Cogburn as being extremely good with the kids, who were just crazy about him. Cogburn's work was hard physically, for he had to lift afflicted children from wheelchairs, feed them, bathe them, and minister to their needs in other ways.

Cogburn, to support his wife and child, worked from 50 to 60 hours a week for his regular employer. His wife had heart trouble and also broke her leg during the period in question. Cogburn missed some of his volunteer work because of her illness. He himself suffered from an injured ankle, from the flu, from a 24-hour virus, and from rhinosinusitis. Part of this testimony about his illnesses was corroborated by a letter from his doctor. A doctor also suggested that Cogburn should reduce the number of hours that he was working weekly. There is no suggestion that

Cogburn committed any violation of law during the period of suspension.

The statute is explicit in permitting the revocation of a suspended sentence upon the court's finding that the defendant has *inexcusably* failed to comply with a condition of the suspension. Here we are convinced that Cogburn's failure to work the full 80 hours each month — the only violation with which he is charged — cannot fairly be said to have been inexcusable. We must therefore reverse the order of revocation and remand the cause with directions that the suspension be reinstated on such terms that Cogburn will work at the Colony for two full years. It is so ordered.

We agree. HARRIS, C.J., and HOLT and HOWARD, JJ.