Sharon Louise MORGAN *v.* STATE of Arkansas

CR 78-184                                    588 S.W. 2d 431

Opinion delivered October 29, 1979

*McArthur & Lassiter, P.A.,* by: *William C. McArthur,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

Darrell Hickman, Justice. Sharon Morgan's three years suspended sentence was revoked by the Circuit Court of Pulaski County. She appeals alleging that the court's finding that she inexcusably failed to comply with the conditions of her probation was clearly against the preponderance of the evidence.

We disagree and affirm the judgment of the trial court.

Sharon Morgan was charged with forgery in March of 1976. Her case was passed several times at the request of her attorney. In December of 1976, when she failed to appear in court, the court ordered a bond forfeiture and an alias warrant to be issued against her. Apparently nothing was done on this warrant because the case was passed several more times. Then in November, 1977, she pled guilty. She was sentenced to three years imprisonment but that sentence was suspended. However, she was placed on probation for one year. The conditions of that probation, which was not disputed, were generally that she was not to leave the area of Little Rock without permission from her probation officer; that she was to notify the probation officer of any change of address; that she should promptly report each month to her probation officer; and, that she should advise her probation officer if she had any unavoidable reason for being unable to report.

In January she requested and received permission from the court to go to California where she thought she had a job. However, it was provided that she report monthly, by letter, to her probation officer. She never went to California; instead she went to Missouri. She made no report for eight months. In September, 1978, she called her probation officer and said she was in Missouri. The officer testified it sounded like a local call. A petition to revoke her sentence was filed and a hearing was held on that petition.

Morgan offered no excuse whatsoever for her failure to report. She admitted that, because the job opportunity failed, she did not go to California; instead she said she went to Missouri, where she obtained employment.

Based on this information, the court revoked the sentence. We are asked to find that the court's judgment was clearly against the preponderance of the evidence.

The applicable Arkansas law is found in Ark. Stat. Ann. § 41-1208(4) (Repl. 1977).

If the court finds by a preponderance of the evidence

that the defendant has inexcusably failed to comply with a condition of his suspension or probation, it may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation.

There is no right to probation, rather it is a matter of judicial grace. *People* v. *Williams,* 93 Cal. App. 2d 777, 209 P. 2d 949 (1949). However, when a probationary sentence is revoked, due process requires following a proceeding designed to insure fair treatment of a defendant. *Gagnon* v. *Scarpelli,* 411 U.S. 778 (1973). In *Cogburn* v. *State,* 264 Ark. 183, 569 S.W. 2d 658 (1978), we reversed a revocation decision after reviewing in detail the conditions of the probation and the efforts that Cogburn made to comply with that probation. This case is in no way like that of *Cogburn.*

The condition of probation in this case, requiring Morgan to report monthly to her probation officer, was reasonable. Probation by its very nature implies some sort of supervision. If there is to be no supervision, then there is no sense in having probation. In this case, because Morgan offered no excuse whatsoever for her failure to contact her probation officer, we cannot say the judge's findings are clearly against the preponderance of the evidence.

It is argued that the trial court had an inflexible policy of revoking all suspended sentences for similar violations of parole. Certainly, an inflexible policy is not desirable. However, we cannot say the court was wrong in this case simply because it had such a policy. Actually, the only evidence in the record is the testimony of Morgan. There was no corroboration offered as to her whereabouts, her employment or her conduct during this period of time.

Affirmed.

PURTLE, J. dissents.