Robert C. BALDRIDGE *v.* STATE of Arkansas

CA CR 89-265                                    789 S.W.2d 735

Court of Appeals of Arkansas
Division II
Opinion delivered May 16, 1990

*Henry Morgan* and *Janet Wheeler*, Public Defenders for Clark and Pike Counties, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Clark County Circuit Court. Appellant, Robert C. Baldridge, appeals from a judgment and commitment order entered upon the state's petition to revoke, sentencing him to five years in the Arkansas Department of Correction. We reverse.

Appellant, age 17, was convicted on August 1, 1986, upon a plea of guilty to forgery in the second degree by uttering, drawing, or possessing two checks totaling $25.00. A five-year probated sentence was issued thereon on August 15, 1986, subject to certain terms and conditions. Additionally, appellant was required to pay court costs and restitution. A petition for revocation was filed September 15, 1988, alleging that appellant violated the terms of his probated sentence by failing to report to his probation officer as directed and to pay costs, restitution, and supervision fees as ordered. A hearing was set for October 3, 1988, on the petition to revoke. Pursuant to a bench warrant for appellant's arrest, he was returned to Arkansas on May 4, 1989. Appellant was arraigned and on June 5, 1989, a public defender was appointed to represent appellant. A pretrial hearing was held on June 15, 1989, at which time it was determined that the revocation hearing was set for the following day. Defense counsel objected upon the basis that the state had not complied with his motion for discovery. The hearing was continued until July 5, 1989, and the trial court found appellant in violation of the terms of his probation. Appellant's probated sentence was revoked and he was sentenced to five years in prison. Another hearing was held July 10, 1989, on appellant's motion for reconsideration and the relief sought by appellant was denied by the court. Appellant appeals from the order sentencing him to five years imprisonment.

Appellant raises the following five points for reversal: 1) The trial court erred in allowing his revocation hearing to be held beyond sixty days of his arrest; 2) the trial court erred in finding that he violated the terms of probation when the uncontroverted testimony was that he was financially unable to make his restitution payments and afford transportation to report in person; 3) the trial court erred in refusing to list the reasons for revocation in writing; 4) the trial court erred in allowing a computer printout into evidence showing alleged arrearages in fees and restitution; and 5) the trial court erred in failing to give

him credit for jail time served while waiting for the revocation hearing.

We find that appellant's second argument warrants reversal and because we find error on this point, we will not address appellant's remaining points.

■ Appellant contends that his inability to report in person to his probation officer and to pay costs, restitution, and fees imposed as a condition of his probated sentence was due to excusable circumstances. Arkansas Code Annotated Section 5-4-309 (1987) provides, in pertinent part, as follows:

> (d) If the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension or probation, it may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation.

■■ In a revocation proceeding, the state must prove its case by a preponderance of the evidence, *Cavin v. State*, 11 Ark. App. 294, 669 S.W.2d 508 (1984), and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Phillips v. State*, 25 Ark. App. 102, 752 S.W.2d 301 (1988). Once the state introduces evidence of non-payment in a revocation hearing, the defendant then bears the burden of going forward with some reasonable excuse for his failure to pay. *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988).

At the revocation hearing in the case at bar, the state offered evidence through Wesley Hathcoat, appellant's probation officer, that appellant was in arrears in paying his various fines and fees, and that he also failed to appear in person to his probation officer. Evidence was presented that in three years appellant paid $150.00 in restitution and $60.00 in fees although the terms of his probation required him to pay $87.25 in court costs, $298.53 in restitution, and $15.00 per month in supervisory fees. Mr. Hathcoat stated that he had no objection to appellant moving to Texas and that he was in contact with appellant after his move. He testified that appellant called him approximately four times regarding his inability to make payments; however, he could not recall exactly how many times because he did not make written

notations of the calls.

Appellant, who was 20 years old at the time of the hearing, testified it was very difficult for him to obtain employment in Longview, Texas, where he resided with his mother and three younger siblings. He testified that his mother has cancer and is unable to work and he is the only provider for the family other than receipt of some government assistance. Appellant testified that he worked at any and all types of manual labor which he could find, and gave his mother every penny to help meet family expenses. He also stated that he did not have a car and had to hitchhike or walk to get to any work he could obtain. Appellant acknowledged that he owed the money; however, stated that his circumstances were such that he was unable to pay the money as scheduled. Appellant stated that he told his probation officer from the start that it would be difficult for him to make the required payments. He further testified that he contacted his probation officer by telephone and by letter on several occasions to explain his inability to make the payments and later received a letter telling him not to contact his probation officer at home but to appear in person instead. Appellant testified that he was unable to appear in person as he had no transportation nor could he afford a bus fare to Arkansas.

At the revocation hearing, appellant testified that he was needed by his family and wanted to work for the county doing any necessary labor to pay off his debt instead of going to prison. He presented the testimony of Cecil Catlett, a retired friend of the family, who told the court that appellant could live with him if allowed to work off his fine. The court revoked appellant's probation and refused to allow him to work off his fine in lieu of going to prison. In the record, the court stated as follows:

> He [appellant] offers to drive a garbage truck or what have you for the county to pay off all this makes me wonder whether he's suggesting that we fire some of the help the county has now and hire him in their place, if he's going to benefit the county any.

Appellant contends that *Drain* v. *State*, 10 Ark. App. 338, 664 S.W.2d 484 (1984) and the United States Supreme Court case of *Bearden* v. *Georgia*, 102 S.Ct. 3482 (1983) upon which

*Drain* relied, support his argument that his failure to pay as scheduled was not willful but due to his inability to pay.

Here, the court concluded upon the above facts that appellant inexcusably failed to comply with the terms of his probation. We cannot conclude that this decision is supported by the evidence. Evidence was presented that appellant was a child burdened with adult responsibilities of being the primary provider for his ill mother and younger siblings. Appellant did make some payments; however, he admittedly was in arrears. Both appellant and his probation officer related that appellant made numerous attempts to explain his inability to pay his fees as ordered. Additionally, the record reveals that appellant worked performing any available job in an attempt to meet the bare necessities of life for himself and his family. He had no transportation or money with which to afford transportation from Texas to Arkansas to appear in person to his probation officer. Based on the foregoing, the trial court's decision that appellant inexcusably failed to comply with probation conditions is clearly against a preponderance of the evidence.

Reversed.

COOPER and JENNINGS, JJ., agree.