Cynthia Ann ANGLIN  *v.*  STATE of Arkansas

CA CR 06-580                                    249 S.W.3d 836

Court of Appeals of Arkansas
Opinion delivered February 14, 2007

*James G. Petty, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. Appellant Cynthia Anglin appeals the revocation of her drug-court probation. She raises two points on appeal. The first is that the drug court failed to screen her when she first entered the program. The second is that there is insufficient evidence to support the trial court's decision to revoke her probation. We disagree with both points and affirm.

Anglin is a fifty-three-year-old woman who, prior to the incident giving rise to this appeal, was a law-abiding citizen. She has been married to Steve Anglin for thirty-three years, cares for three children and a grandchild, and works as a registered nurse. In November 2004, Steve asked two law enforcement officers to accompany him to his house to visit with his wife because he suspected she was involved in some "illegal stuff." Upon their arrival, the officers asked for permission to search the home and Anglin's purse. The Anglins consented, and a small amount of cocaine and drug paraphernalia were found. Anglin was arrested and charged with possession of a controlled substance and possession of drug paraphernalia. Anglin pleaded guilty to the charges. As part of her guilty plea, she agreed to thirty-six months' probation and placement in drug court authorized by the Arkansas Drug Court Act of 2003. Ark. Code Ann. § 16-98-301 to -304 (Repl. 2006).

On June 6, 2005, Anglin was late to drug testing prior to a court appearance — a drug-court violation. Although she was late for testing, she was tested prior to court, and passed the test. On June 20, 2005, Anglin was arrested for driving while intoxicated — another drug-court violation. She was drug tested after this incident and tested positive for morphine, which was attributed to prescription medication she received from her family physician

and was authorized by Anglin's probation supervisor. Anglin was found guilty of the DWI charge and has appealed that conviction, which is currently pending. On the day following the DWI arrest, Anglin failed to appear for drug testing and a group meeting and failed to contact her probation supervisor — all drug-court violations.

In July 2005, the State filed a petition to revoke probation based upon the above drug-court violations occurring June 20–21, 2005. At the hearing on the petition to revoke probation, the trial court held that Anglin violated her conditions of probation and sentenced her to forty-eight months' imprisonment at the Regional Correctional Facility. Anglin appeals from this order.

We consider the sufficiency of the evidence before addressing other alleged trial errors. *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001). We do so in order to preserve a defendant's right to freedom from double jeopardy. *Id.* In a revocation proceeding, the State must prove its case by a preponderance of the evidence, and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Baldridge v. State*, 31 Ark. App. 114, 789 S.W.2d 735 (1990). Once the State introduces evidence of non-compliance in a revocation hearing, the defendant then bears the burden of going forward with some reasonable excuse for noncompliance. *Id.*

There was sufficient evidence to support the trial court's decision to revoke Anglin's probation. Trial testimony established that the drug court in White County requires strict compliance with the conditions of probation. Further testimony established that Anglin violated probation conditions when she failed to timely appear for a drug test, was arrested and convicted of DWI, failed to attend a group meeting, failed to call in to her supervisor, and failed to appear for drug testing.

Anglin essentially admits to committing the probation violations but argues that she was diagnosed with delirium, and therefore did not inexcusably fail to comply with probation conditions. For support, she relies upon Ark. Code Ann. § 5-4-309(d) (Repl. 2006), which states:

> If a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, the court may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation.

The term "inexcusable" is defined as "incapable of being excused or justified—Syn. unpardonable, unforgivable, intolerable." *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001) (citing *Random House Compact Unabridged Dictionary* 977 (1996)). The question presented is whether Anglin's diagnosis of delirium excused her from complying with probation conditions.

Anglin cites two Arkansas cases where it was held that the defendant had an excuse for failing to comply with probation conditions and revocation of probation was improper. In *Baldridge, supra*, the defendant failed to pay fees and fines and failed to appear in person to his probation officer. The trial court revoked probation; however, our court reversed, holding that decision was not supported by the evidence. The *Baldridge* defendant was a child burdened with adult responsibilities of being the primary provider for his ill mother and younger siblings; the defendant made some payments, but was admittedly in arrears; the defendant and his probation officer both testified that defendant made numerous attempts to explain his inability to pay the fees and fines; the defendant worked any available job in an attempt to meet the bare necessities of life for himself and his family; and the defendant had no transportation or money with which to afford transportation to appear in person to his probation officer.

In *Barbee, supra*, the defendant pleaded guilty to three counts of negligent homicide and was sentenced to probation. One of the conditions of probation was that the defendant's driver's license was revoked for three years. The State filed a petition to revoke the defendant's probation alleging that he had been driving during the period when his license was revoked. At the hearing the defendant admitted he had driven a vehicle, but he asserted that he had driven only after he was informed by the county-revenue office that his driving record was clear and he was issued a valid driver's license. The trial court revoked probation.

On appeal, the supreme court reversed, holding that the defendant was a model probationer, was "tremendously rehabilitated," and was incorrectly given a driver's license by the State when he was only seeking to obtain an identification card in order to get a marriage license. The court also found that, while he drove, the defendant received no traffic citations and engaged in no criminal activity. The court held that these facts were unique and constituted forgivable, pardonable, and excusable behavior for the defendant's failure to strictly comply with probation conditions.

The facts in *Barbee* and *Baldridge* are distinguishable from the facts in this case and do not excuse Anglin from violating probation conditions. While the evidence in this case established that Anglin was diagnosed with delirium, and that delirium can affect a patient's level of consciousness and usually includes extreme disorganization of the thought process, the record is devoid of evidence establishing that Anglin, on the dates that she violated her probation conditions, was suffering from delirium and was not thinking clearly. To the contrary, she violated a probation condition when she was late for drug testing, and there is no argument that she was suffering from delirium at that time.

Additionally, Anglin was ordered by the trial court to undergo a psychological evaluation. William A. Cochran, Ph.D., concluded that Anglin suffered from a mental disease but no mental defect. He stated, "While she reported hallucinatory experiences, even if true, she did not indicate that these in any way were involved with her probation revocation." He specifically stated that at the time the probation violations occurred, Anglin had the culpable mental state required to establish the elements of the offenses charged, had the capacity to appreciate the criminality of her conduct, and had the capacity to conform her conduct to the requirements of the law. Therefore, we hold that sufficient evidence supports the trial court's conclusion that Anglin inexcusably failed to comply with the conditions of her probation, and the trial court's decision to revoke probation is affirmed.

For her second point on appeal, Anglin argues that the trial court erred in failing to hold that the drug court failed to screen her when she first entered the program. Anglin argues that if the drug court had properly screened her they would have learned that she was ineligible for the program due to her "mental health concerns." It is undisputed that the drug-court personnel failed to screen Anglin when she first entered the program, although it is drug-court policy to do so.

We do not reach the merits of this issue because Anglin failed to preserve it for appeal. *See Hardman v. State*, 356 Ark. 7, 144 S.W.3d 744 (2004). Anglin's first objection to drug-court eligibility was made at the hearing on the petition to revoke her probation. She did not object to her probation and placement in drug court in May 2005. This is because, according to Anglin's testimony, she wanted to participate in the drug-court program in order to protect her nurse's license. The conditions of drug court

were explained to her by more than one probation employee and by the trial judge. The record includes several documents signed by Anglin wherein she agreed to comply with drug-court conditions. She also signed a guilty plea statement affirming that she did not suffer from any mental disease or defect. Moreover, she was represented by counsel throughout the proceedings.

It was not until after Anglin got into drug court, violated conditions of probation, and was faced with a petition to revoke her probation that she first argued she was not eligible for drug court. Under these circumstances, we hold that Anglin has not preserved her argument for appellate review.

Affirmed.

PITTMAN, C.J., and GRIFFEN, J., agree.