Cite as 2013 Ark. App. 652


# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–228

| | |
|---|---|
| | **Opinion Delivered** November 6, 2013 |
| GREGORY COHEN | APPEAL FROM THE CRITTENDEN |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. CR–11–237] |
| V. | |
| | HONORABLE RANDY F. |
| | PHILHOURS, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; MOTION TO BE |
| | RELIEVED GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Gregory Cohen pleaded guilty to first-degree terroristic threatening, and on March 28, 2011, he was placed on four years' probation. On August 6, 2012, the State filed a petition to revoke Mr. Cohen's probation, alleging multiple violations including failure to pay fines and probation fees, failure to report to probation as directed, and failure to notify the sheriff or probation office of his current address. After a hearing, the trial court entered an order on January 3, 2013, revoking appellant's probation and sentencing him to two years in prison followed by a three-year suspended imposition of sentence. Mr. Cohen now appeals from his revocation, and we affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the

grounds that the appeal is wholly without merit.[1]  Mr. Cohen's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement of the reason each point raised cannot arguably support an appeal.  A copy of appellant's counsel's brief and a letter notifying appellant of his right to file a list of pro se points for reversal was sent by certified mail to Mr. Cohen's last known address, but the post office was unable to effect delivery.

At the revocation hearing held on December 18, 2012, there was testimony that Mr. Cohen had been incarcerated in Missouri but was paroled on January 30, 2012.  His Arkansas probation officer, Mary Marshall, testified that Mr. Cohen reported for his initial intake on February 23, 2012, but reported to her for the last time in April 2012.  Ms. Marshall stated that she tried to call Mr. Cohen in May 2012 but got no answer; sent him a letter in June 2012 advising him to report; and went to his house in July 2012 and spoke with Mr. Cohen's father, who advised that he no longer lived there.  In addition to failing to report, Mr. Cohen never paid his $25 monthly probation fee.  A ledger was admitted into evidence showing that Mr. Cohen had also been ordered to pay $1320 in fines and costs at a rate of $50 per month, but that he had made no payments.

Mr. Cohen testified on his own behalf and stated that he had moved from his father's house to his mother's house.  Mr. Cohen stated that he did not have a job and had no money to pay, so he decided to quit visiting his probation officer.  Based on this evidence, the trial

---

[1]This is appellant's counsel's second no-merit appeal.  In the first, *Cohen v. State*, 2013 Ark. App. 435, we held that counsel failed to comply with Ark. Sup. Ct. R. 4–3(k), ordered rebriefing, and denied counsel's motion to withdraw.

court found that Mr. Cohen violated his conditions and revoked his probation.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2011) provides that, if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation, the court may revoke the probation at any time prior to the expiration of the probation. On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Anglin v. State*, 98 Ark. App. 34, 249 S.W.3d 836 (2007).

In the present appeal, Mr. Cohen's counsel correctly asserts that the sole adverse ruling was the trial court's decision to revoke appellant's probation. Appellant's counsel further asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting revocation. The State's evidence clearly demonstrated that Mr. Cohen failed to pay fines and fees, and that he failed to report to probation as directed. In Mr. Cohen's testimony he stated that he did not have a job but it was his fault that he failed to report and pay fees, fines, and costs. Mr. Cohen provided no reasonable excuse for failing to comply with his conditions, and the trial court's decision to revoke his probation was not clearly against the preponderance of the evidence.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4-3(k)(1) and that this appeal is without merit. Appellant's counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed; motion granted.

WALMSLEY and BROWN, JJ., agree.
*C. Brian Williams*, for appellant.
No response.