

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–688

|  |  |
|---|---|
| | **Opinion Delivered** June 4, 2014 |
| MONICA RENEA MAY | APPEAL FROM THE CRITTENDEN |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. CR-11-782] |
| V. | |
| | HONORABLE RALPH WILSON, JR. |
| | JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Monica Renea May pleaded guilty to Class C felony possession of a controlled substance on August 30, 2011, and she was placed on four years' probation. On January 23, 2012, the State filed a petition to revoke Ms. May's probation, alleging multiple violations including failure to pay fines and costs, and failure to report to probation as directed. After a hearing, the trial court entered an order on May 13, 2013, revoking appellant's probation and sentencing her to three years in prison followed by a three-year suspended imposition of sentence. Ms. May now appeals from her revocation, and we affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Ms. May's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an

SLIP OPINION

appeal, including any objections and motions made by appellant and denied by the trial court, and a statement of the reason each point raised cannot arguably support an appeal. Ms. May was provided a copy of her counsel's brief and notified of her right to file a list of pro se points for reversal, but she has not filed any points.

Ms. May's conditions of probation required her to pay $1395 in fines and costs at a rate of $50 per month beginning on October 10, 2011. A ledger sheet was admitted into evidence showing that Ms. May had paid nothing toward her fines and costs. Amy Peyton, the collector of fines and costs for the Crittenden County Sheriff's Office, confirmed in her testimony that Ms. May had made no payments, and she stated she had never heard from Ms. May.

Ms. May's conditions also required her to report to probation as directed. Mary Marshall, appellant's probation officer, testified that Ms. May failed to report for her initial probation intake, and that despite numerous attempts to contact Ms. May, she never reported to probation at any time.

Ms. May testified that she had earned her GED, and that she had worked in the fast food and motel businesses. Ms. May acknowledged that she had an obligation to pay her fines and costs and to report to her probation officer, and she offered no excuse for her failure to comply.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2013) provides that, if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of her probation, the court may revoke the probation at any time prior to

the expiration of the probation.  On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence.  *Cohen v. State*, 2013 Ark. App. 652.

In the present appeal, Ms. May's counsel accurately asserts that the sole adverse ruling was the trial court's decision to revoke appellant's probation.  Appellant's counsel further asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting revocation.  The State clearly demonstrated that Ms. May failed to pay fines and fees, and that she failed to report to probation as directed.  Ms. May provided no reasonable excuse for her failure to comply with her conditions, and the trial court's decision to revoke her probation was not clearly against the preponderance of the evidence.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that this appeal is without merit.  Consequently, appellant's counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed; motion granted.

PITTMAN and WOOD, JJ., agree.

*C. Brian Williams*, for appellant.

No response.