

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–13–180

| | |
|---|---|
| CHRISTOPHER C. CORY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 22, 2014<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–10-1108]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Christopher C. Cory, also known as Cory C. Carpenter, appeals the Crittenden County Circuit Court's revocation of his probation. The issue is whether Cory failed to report to his probation officer as directed. Because sufficient evidence supported the revocation, we affirm.

In September 2010, Cory pleaded guilty to theft by receiving, a class B felony. He was sentenced to three years' supervised probation and ordered to pay various fines, fees, and court costs. His probation's terms required him to "cooperate with Probation Officer and report to him/her as directed and permit him/her to visit at the defendant's home, place of employment, or elsewhere[.]" The State moved to revoke Cory's probation in August 2012. Among other things, the State alleged that Cory had failed to report to probation as directed.

The circuit court held a revocation hearing in November 2012. Probation Officer Chancey Rainey testified that she had worked at the Department of Community Corrections for about one month and that she had "inherited" Cory as a probationer. Neither she nor her predecessor had ever met Cory. Officer Rainey's records showed that no intake was done for Cory after 30 September 2010, and "no reporting" was done by Cory. On cross-examination, Officer Rainey said that she had spoken with a few of her supervisors, and they told her that Cory "never came in for intake." When asked why Cory never showed, Officer Rainey replied, "He has been in jail, looks like, back and forth."

Cory testified that he had been incarcerated for a substantial period of his probation—from approximately 28 October 2010 until 19 September 2011. Cory said that he tried to contact his probation officer in 2011 when he was released from prison and that sometimes he did not get an answer; a separate time, someone told him that she was on maternity leave. In early October 2012, Cory was arrested in Shelby County (Memphis) Tennessee on a warrant issued from Crittenden County. That arrest led to the probation-revocation hearing.

On cross-examination, Cory testified that his first meeting with his probation officer was scheduled for 15 October 2010. Cory said he missed that 3:30 p.m. meeting because he arrived too late, and the probation office was closed for the day. He explained that the buses only run every two-and-a-half hours, and, after four o'clock, the buses stopped running, so he could not ride the bus and meet with his probation officer at the appointed time. Cory said that although he did not make the 3:30 p.m. meeting, he

called and was able to reschedule with his probation officer for a different time. Cory said he was arrested in Memphis before the rescheduled visit.

At the hearing's conclusion, the circuit court found that the State had met its burden of proving that Cory had inexcusably violated a condition of his probation. The court found that, based on Cory's own testimony, he had violated his probation's terms by failing to report to his probation officer as directed.

> This business about the bus and only ran every two and half hours, if you are told to be somewhere, you take the bus early, even if it is inconvenient for you. You weren't working; it wasn't interfering with work. You go ahead and you come two and a half hours early. You are there. You don't miss your appointment. You report like you are told to.

The court sentenced Cory to serve two years in the Arkansas Department of Correction along with five years' suspended imposition of sentence. In revocation proceedings, a circuit court must find by a preponderance of the evidence that a defendant inexcusably violated a condition of probation. *Mewborn v. State*, 2012 Ark. App. 195. We will not reverse a circuit court's findings on appeal unless they are clearly against the preponderance of the evidence. *Id*. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *Haley v. State*, 96 Ark. App. 256, 240 S.W.3d 615 (2006).

Citing *Baldridge v. State*, 31 Ark. App. 114, 789 S.W.2d 735 (1990), Cory argues that the trial court erred in finding that his failure to report to his probation officer was inexcusable.[1] He notes that, like Baldridge, he did not live in the county in which he was

---

[1]Cory also argues that the court erred in revoking his probation based on the failure to pay fines and costs, but the court did not revoke on that ground.

required to report and that he lacked "self-sufficient" means to report in person to his probation officer. The State argues that, unlike Baldridge, Cory's tardiness to his probation appointment was "a product of his refusal to simply catch an earlier bus ride."

In *Lanfair v. State*, 2013 Ark. App. 51, we held that a probationer's excuse for failing to report was not reasonable when the probationer did not maintain a stable address, had access to transportation, could have asked for directions to the probation office, and could have had his probation transferred to the county in which he was living. Similarly, Cory was able to travel for free by bus from Memphis, Tennessee, where he lived, to the Crittenden County probation office. As the circuit court noted, Cory could have kept his original appointment by catching an earlier bus. "Probation by its very nature implies some sort of supervision. If there is to be no supervision, then there is no sense in having probation." *Morgan v. State*, 267 Ark. 28, 30, 588 S.W.2d 431, 432 (1979).

At no point did Cory report in person to his probation officer. So we hold that the circuit court's revocation of Cory's probation is not clearly against the preponderance of the evidence. *Lanfair*, 2013 Ark. App. 51.

Affirmed.

WALMSLEY and GRUBER, JJ., agree.

*Digby Law Firm*, by: *Bobby R. Digby II*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., and *Trae Norton*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.