SLIP OPINION

Cite as 2014 Ark. App. 583

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–13–222

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** October 29, 2014 |
| MARCUS A. RIMMER | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2011-210] |
| V. |  |  |
|  |  | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## ROBIN F. WYNNE, Judge

Marcus A. Rimmer appeals from the Crittenden County Circuit Court's revocation of his probation. This is the second time this appeal has been before us. We previously held that appellant's counsel had failed to comply with Arkansas Supreme Court Rule 4–3(k), denied counsel's motion to withdraw, and ordered rebriefing. *Rimmer v. State*, 2014 Ark. App. 30. Appellant's new counsel has now submitted a brief in merit form. We affirm the revocation.

In August 2011, appellant pled guilty to possession of pseudoephedrine with intent to manufacture methamphetamine and was sentenced to two years' probation. On April 9, 2012, the State filed a petition to revoke appellant's probation, alleging that he violated the terms of his probation by 1) failing to pay fines, fees, and costs as directed; 2) failing to report to probation as directed; 3) failing to pay probation fees; 4) failing to notify the sheriff and his

SLIP OPINION

probation officer of his address and employment; and 5) departure from his approved residence without permission.

At the hearing on the State's petition to revoke, April Thomas with the Department of Community Correction testified that appellant reported as directed until November 16, 2011, after which he did not report. She attempted to reach appellant by telephone on February 14, 2012, but was unsuccessful. She sent him a letter on February 14, advising him to report on February 22, 2012, and he failed to show. Ms. Thomas tried again to reach appellant by telephone on February 24, 2012, and was again unsuccessful. Appellant, who was living in Memphis, testified that he failed to report because he could not get transportation and had no money to pay for a ride due to lack of work. He had last worked at Burger King from the end of November 2011 until the beginning of December 2011. He was also the sole caregiver for his two children. Appellant stated that he did pay someone for a ride in October 2011 and November 2011. Appellant was unaware of a bus that ran between Memphis and West Memphis.

The trial court revoked appellant's probation based on his failure to report to his probation officer as directed. He was sentenced to thirty-six months' imprisonment. This appeal followed.

In a hearing to revoke probation, the State must prove by a preponderance of the evidence that the defendant inexcusably violated a condition of his probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2013). The State need only prove that the defendant committed one violation of the conditions. *Hill v. State*, 2012 Ark. App. 493. We will reverse an order

2

SLIP OPINION

of revocation only if the trial court's findings are clearly against the preponderance of the evidence. *Id.* We defer to the trial court's superior opportunity to assess the credibility of the witnesses in determining where the preponderance of the evidence lies. *Id.*

Appellant argues that the trial court erred by revoking his probation because his failure to report was excusable, due to his lack of transportation. He also argues that this case is similar to *Baldridge v. State*, 31 Ark. App. 114, 789 S.W.2d 735 (1990). In *Baldridge*, this court reversed a trial court's revocation of a twenty-year-old's probation when the evidence presented at the revocation hearing was that he was seventeen when the offense was committed, lived in Texas, was the sole provider for his mother, who had cancer, and his three younger siblings, had worked at every job he could find, had used all of the money he had earned to care for his family, and had no transportation. It appeared to this court that Baldridge was making every effort possible to comply with the conditions of his probation and came up short through no fault of his own.

Here, appellant was not revoked for failure to pay, he was revoked for failure to report. Although he claimed that he had no transportation or money, he clearly had not explored all available options for transportation to the probation office. He also failed to explain why he did not have employment that would have granted him the necessary funds to travel to the probation office. He admitted that he had paid for a ride in October and November, but failed to explain why that was not an option after that time. Appellant also never responded to any of the efforts of his probation officer to contact him and never contacted her of his own accord to explain why he was not reporting. We hold that the trial court did not err by

finding that appellant's failure to report was inexcusable.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., and *Trae Norton*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.