

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-1091

| | | |
|---|---|---|
| RODRIGO CANTU | | Opinion Delivered JANUARY 21, 2015 |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-10-951] |
| V. | | |
| | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Rodrigo Cantu pleaded guilty to two counts of Class B felony forgery on August 27, 2010, and he was placed on three years' probation. On September 10, 2012, the State filed a petition to revoke Mr. Cantu's probation, alleging multiple violations including failure to report to probation as directed. After a hearing, the trial court entered an order on September 3, 2013, revoking appellant's probation and sentencing him to five years in prison followed by a ten-year suspended imposition of sentence. Mr. Cantu now appeals from his revocation, and we affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Mr. Cantu's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support

SLIP OPINION

an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement of the reason why each point raised cannot arguably support an appeal. Mr. Cantu was provided a copy of his counsel's brief and notified of his right to file pro se points for reversal, but he has not filed any points.

Mr. Cantu's conditions of probation required him to report to probation as directed. Michael Alston, appellant's probation officer, testified that Mr. Cantu had reported to probation only once during the past year. Mr. Alston acknowledged in his testimony that he had failed to report to probation as directed, and he provided no excuse for missing his scheduled visits. The trial court revoked Mr. Cantu's probation based on his failure to report.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2013) provides that, if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation, the court may revoke the probation at any time prior to the expiration of the probation. A court may revoke probation subsequent to the expiration of the period of probation if, before expiration of the period, the defendant is arrested for the probation violation. Ark. Code Ann. § 16-93-308(f)(1).[1] On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *May v. State*, 2014 Ark. App. 365.

---

[1] Although Mr. Cantu's probation was revoked one week after the original probation period would have expired, his counsel points out in his brief that Mr. Cantu was arrested for the probation violation before the probation expired. Therefore, the trial court had jurisdiction to revoke appellant's probation.

SLIP OPINION

In the present appeal, the only adverse ruling was the trial court's decision to revoke appellant's probation, and appellant's counsel accurately asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting revocation. The State clearly demonstrated that Mr. Cantu had failed to report as directed to probation, and Mr. Cantu provided no reasonable excuse for his failure to report. Therefore, the trial court's decision to revoke appellant's probation was not clearly against the preponderance of the evidence.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4-3(k)(1) and that the appeal is without merit. Consequently, appellant's counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed; motion granted.

GLADWIN, C.J., and WHITEAKER, J., agree.