

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR–15–399

| | |
|---|---|
| LAMARSHARE WELLS | **Opinion Delivered** November 4, 2015 |
| APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2014-508] |
| V. | |
| | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

In this appeal of her probation revocation, Lamarshare Wells argues that the trial court erred in finding that she inexcusably failed to report to her probation officer and that she failed to lead a law-abiding life. We affirm.

Wells pled guilty in the Crittenden County Circuit Court on June 27, 2014, to aggravated assault, a Class D felony, and fleeing, a Class A misdemeanor. She was sentenced to thirty-six months' probation on the aggravated-assault conviction and to a twelve-month suspended sentence for fleeing. The conditions for both sentences included that she pay all her fines and costs, that she live a law-abiding life, that she keep the sheriff and her probation officer notified of any change of address or employment, and that she cooperate with her probation officer and report to her as directed. On August 11, 2014, the State filed a petition for revocation of probation, alleging that Wells had violated these conditions, including that she had committed theft, fleeing, and obstructing governmental operations.

SLIP OPINION

At the revocation hearing held on January 9, 2015, Amy Peyton, collector of fines and costs for the Crittenden County Sheriff's Office, testified that Wells's judgment of conviction reflected that she owed $350 in fines and $770 in costs. Wells was to pay thirty-five dollars per month beginning August 27, 2014. Peyton stated that Wells had made no payment as of the hearing date.

Probation Officer Jennifer Clements testified that when she received Wells as a probationer on June 27, 2014, she told Wells what the conditions of her probation were, and Wells indicated that she understood them. She said that Wells failed to report on July 1, 2014, which was her first appointment, and Clements sent Wells a letter on July 2, 2014, with a report date for July 14, 2014. Clements testified that Wells failed to report on July 14, 2014. On July 23, 2014, Clements was notified by Sergeant Kennedy of the West Memphis Police Department that Wells was in jail for charges related to shoplifting, fleeing police, and giving police a false name. Clements further testified that, on July 28, 2014, she visited Wells in jail, but Wells "didn't have anything to say about her condition there." Clements stated that Wells had been incarcerated since her visit to the jail.

Officer Dean Benson with the West Memphis Police Department testified that on July 22, 2014, he was called to the Kroger store on a shoplifting complaint. He said that dispatch had advised him of the subject's clothing; as he pulled up to the store, he saw Wells walking out the front door, matching the description. He stated that when Wells saw him, "she took off running." He said that he chased her approximately 125 feet, and when he detained her, she told him her name was Sierra Ward and that her date of birth was May 7, 1989. Officer

2

Benson testified that he took eight packagess of pork chops and five containers of seasoning, valued at $70.85, out of her purse. He said that he was halfway through filling out her booking information when the booking officer told him that Wells, whom the officer recognized from a prior booking, was giving him the wrong information. The booking officer printed a prior booking sheet for Benson, who used the information contained on the prior booking sheet to fill out his booking report. The prior sheet listed Wells's name as Lamarshare Wells, born November 4, 1992. He confirmed her identity with a photograph. Wells told Benson that she had legally changed her name. When he asked her about the date of birth, she said that she did not want to talk to him anymore. He charged her with theft, obstructing governmental operations, and fleeing. He did not remember if she had told him that she had taken the property from Kroger without paying for it.

The trial court granted Wells's motion for directed verdict as to nonpayment of probation fees and theft. However, the trial court found that she had inexcusably violated the terms and conditions of her probation by failing to report to her probation officer as directed, fleeing from law enforcement, and obstructing governmental operations by providing a false name to law enforcement. She was sentenced to six years' imprisonment in the Arkansas Department of Correction. She filed a timely notice of appeal, and this appeal followed.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2015), the burden upon the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of the probation. The State need prove only one violation to sustain a revocation of probation. *Cochran v. State*, 2015 Ark.

App. 511. We will not reverse a decision revoking probation unless the trial court's findings are clearly against the preponderance of the evidence, and we defer to the credibility determinations made by the trial court. *Peel v. State*, 2015 Ark. App. 226.

Wells contends that the trial court's finding that she inexcusably failed to report to her probation officer was clearly against the preponderance of the evidence and warrants reversal. Wells claims that Clements failed to testify whether Wells was ever actually in receipt of any directions to report on July 1 and July 14, 2014. She argues that, because there was no proof offered that Wells missed any meetings that she was actually directed to attend, the trial court erred in finding a violation of the condition that she report as directed.

The State maintains that the revocation is supported by a preponderance of the evidence. We agree. Before the trial court was Clements's testimony regarding her explanation to Wells of the conditions of her probation, Wells's acknowledgment of her understanding of those conditions, and Wells's failure to report on July 1, 2014. Clements further testified that she had sent Wells a letter on July 2, 2014, setting their next appointment for July 14, 2014, and that Wells did not report on that date. Wells did not testify at the hearing, and no justification was offered for her failure to report. Thus, the record is clear that Wells failed to report on July 1 and 14, 2014, and the State proved by a preponderance of the evidence that Wells violated this condition of her probation.

As to Wells's argument that the State did not establish that such failure was inexcusable because it was unclear whether Wells had received Clements's letter, the State contends that the burden of compliance is on probationers rather than probation officers. The State cites

4

*Rimmer v. State*, 2014 Ark. App. 583, where we held that the trial court committed no error when the defendant failed to explain why he did not have employment that would have granted him the necessary funds to travel to the probation office to report; why he could report by paying for a ride on two occasions but no others; and why he never responded to efforts of his probation officer to contact him or explain why he was not reporting. *Rimmer*, 2014 Ark. App. 583, at 3. The State argues that it was Wells's responsibility to provide an address where she could be reached or to contact Clements if Wells had questions regarding her obligation to report. *See Rimmer, supra.* The record establishes that Wells signed and agreed to the conditions of probation; that Wells did not report on July 1, 2014, and Clements sent her a letter; and that it was Wells's responsibility to provide an address where she could be reached or to contact Clements if Wells had questions regarding her obligation to report.

Accordingly, we hold that the trial court's findings are not clearly against the preponderance of the evidence, and we affirm. Because only one violation is necessary to sustain a revocation of probation, we need not address Wells's remaining arguments.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.