RAYMOND R. ABRAMSON, Judge
Tristan Lajuan Mosley appeals the Sebastian County Circuit Court order revoking his suspended imposition of sentence. On appeal, Mosley argues that the circuit court erred in finding that he inexcusably failed to comply with a condition of his suspended sentence. We affirm.
On December 30, 2015, the State charged Mosley with second-degree battery of an officer and resisting arrest. On February 5, 2016, Mosley filed a motion to transfer his case to the Veterans Treatment Court. In the motion, he agreed to plead guilty to second-degree battery and resisting arrest and to be sentenced to a period of supervised probation. On the same day he filed the transfer motion, the court granted it. The court suspended his sentence for five years, and the terms and conditions of his suspended sentence included that he complete the requirements of the Veterans Treatment Court.
On April 25, 2017, the State filed a petition to revoke Mosley's suspended sentence. The State alleged that Mosley did not comply with and complete the terms of the Veterans Treatment Court. The court held a revocation hearing on August 17, 2017.
At the hearing, Mark Green, a parole and probation officer assigned to the Veterans Treatment Court, testified that Mosley was sanctioned on five different occasions for failure to comply with the program's requirements. He stated that Mosley tested positive for methamphetamine on June 12, July 25, and August 1, 2016, and April 4, 2017, and that he tested positive for alcohol on June 6 and August 1, 2016. He further noted that Mosley did not complete his community-service requirements. Green stated that Mosley failed to report to him on five different occasions and then absconded from the program. He explained that a confidential informant reported Mosley's location on June 12, 2017, and that he arrested Mosley that night. He explained that while in the program, Mosley had received treatment for posttraumatic stress disorder (PTSD) and drug rehabilitation.
On cross-examination, Green testified that Mosley is 100 percent disabled based on his PTSD, bipolar disorder, and other mental-health issues. He noted that Mosley had been deployed to Iraq and that he had heard Mosley "was an excellent soldier." He stated that neither Mosley nor his family had contacted him for help during Mosley's stint in the program.
*448 Mosley then testified that he had been in the army for five years and that he had been deployed to Iraq in 2007 and 2008. He testified that he was diagnosed with PTSD in 2012 and that he struggles with the disease daily. He testified that he had family issues that prevented him from complying with the requirements of the Veterans Treatment Court. Specifically, he was trying to reestablish himself with his children, and his fiancée was pregnant. He noted that his fiancée gave birth to the baby in April. He apologized for not completing the program and stated that he wanted to continue treatment with Veterans Affairs.
At the conclusion of the hearing, the court revoked Mosley's suspended sentence for violating the terms and conditions of the Veterans Treatment Court. The court sentenced him to four years' incarceration with an additional two years suspended. Mosley timely appealed his revocation to this court.
Our standard of review in cases involving the revocation of a suspended sentence is well settled. In order to revoke a suspended sentence, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of his suspended sentence. Springs v. State , 2017 Ark. App. 364, 525 S.W.3d 490. Once the State introduces evidence of noncompliance in a revocation hearing, the defendant then bears the burden of going forward with some reasonable excuse for noncompliance. Anglin v. State , 98 Ark. App. 34, 249 S.W.3d 836 (2007). Evidence that would not support a criminal conviction in the first instance may be enough to revoke a suspended sentence. Springs , 2017 Ark. App. 364, 525 S.W.3d 490. Determining whether a preponderance of the evidence exists turns on questions of witness credibility and the weight to be given to the testimony. Id. This court defers to the circuit court's determinations regarding the credibility of witnesses and the weight to be given to their testimony. Ware v. State , 2016 Ark. App. 284, 494 S.W.3d 438.
On appeal, Mosley argues that the circuit court erred in revoking his suspended sentence. He concedes that he violated the terms and conditions of his suspended sentence but asserts that he offered two reasonable excuses for his violations. Specifically, he argues that his mental-health issues and his family obligations excused his failure to meet the requirements of the Veterans Treatment Court. He asserts that his circumstances are similar to those in Cogburn v. State , 264 Ark. 173, 569 S.W.2d 658 (1978), and Baldridge v. State , 31 Ark. App. 114, 789 S.W.2d 735 (1990).
In Cogburn , our supreme court reversed a circuit court's finding that the appellant had inexcusably failed to comply with the terms of his probation. Cogburn , 264 Ark. 173, 569 S.W.2d 658. The appellant had been ordered to complete 80 hours a month of volunteer work; however, he was unable to work the full 80 hours because, in addition to his work imposed by the terms and conditions of his probation, he was also working 50 to 60 hours a week to support his family. Id. Moreover, his wife was ill, and he had to care for her during her illness. Id. The appellant had also been ill and had a doctor's note corroborating his testimony. Id. The supreme court found that his failure to work the full 80 hours each month could not fairly be said to have been inexcusable. Id.
In Baldridge , this court reversed the revocation of the appellant's probation, which had been revoked on the basis of failure to pay fines and to appear in person to his probation officer. Baldridge , 31 Ark. App. 114, 789 S.W.2d 735. Appellant, who was twenty years old at the time of the *449 hearing, resided in Longview, Texas, with his mother and three siblings. Id. His mother had cancer and was unable to work. Id. He testified that he was financially unable to come to Arkansas to meet with his probation officer, and he was in arrears on his payments because, other than government assistance, he was the sole provider for his family. Id. Both the appellant and his probation officer related that appellant had made numerous attempts to explain his inability to pay. Id. We held that based on those circumstances, the circuit court's decision that appellant inexcusably failed to comply with probation conditions was clearly against a preponderance of the evidence. Id.
We hold that the circumstances here are unlike those in Cogburn and Baldrige and that the circuit court did not err in finding that Mosley inexcusably failed to comply with the terms and conditions of his suspended sentence. In this case, the court revoked Mosley's suspended sentence for failing to fulfill the requirements of the Veterans Treatment Court. Specifically, Green testified that Mosley was sanctioned on five occasions for violations, he tested positive for methamphetamine on four screenings and for alcohol on two screenings, he failed to meet community-service requirements, and he eventually absconded from the program. Green further testified that Mosley had received mental-health treatment and drug rehabilitation during the program. Given this evidence, we cannot say that the circuit court erred by finding that Mosley's failure to comply with the requirements of the Veterans Treatment Court was inexcusable.
Affirmed.
Gruber, C.J., and Gladwin, J., agree.